OCTOBER TERM 1863. 125

Rawson *v.* Inhabitants of School District No. 5 in Uxbridge.

CHARLES B. RAWSON *vs.* INHABITANTS OF SCHOOL DISTRICT
No. 5 IN UXBRIDGE.

A grant of land, which has been used as a burying-place, to a town, " for a burying-place
forever," in consideration of love and affection, " and divers other valuable considera-
tions," is not a grant upon a condition subsequent.

WRIT OF ENTRY to recover a parcel of land in Uxbridge.

It was agreed, in the superior court, that the demanded prem-
ises are part of a lot of land described in a deed from ·Daniel
Taft to the Inhabitants of Uxbridge, dated March 20, 1737,
" for and in consideration of the love and affection I bear to ye
town of Uxbridge, and for diverse other valueable considerations
me moveing hereunto," " said land being improved for a bury-
ing-place ; to have and to hold the said given and granted prem-
ises, with all ye appur^{ces,} priviledges and commodities to the
same belonging or in any wise appertaining, to the said town of
Uxbridge forever, to their only proper use, benefit and behoofe,
for a burying-place forever." The town entered upon the de-
manded premises under this deed, and occupied the same for a
burial-place for many years, the last burial upon the premises
having been made fifteen or twenty years ago. In 1860 the
town, under a vote for that purpose, sold the premises to the
tenants, who entered upon the same and inclosed them within
their school-house lot, and removed the remains of persons
buried there, and lowered the grade of the earth, and appropri-
ated the land to use for school purposes, and no other. There-
upon Amariah Taft, an heir of said Daniel, entered upon the
land for breach of the condition of said deed, and gave notice
of the entry to the town and to the tenants, and made and de-
livered, upon the premises, a deed thereof to the demandant.

Upon these facts, judgment was rendered for the demandant,
and the tenants appealed to this court.

*P. C. Bacon & P. E. Aldrich,* for the tenants. The words
usually employed to create a condition in a deed are wanting
here. Com. Dig. Condition, A 2. 2 Cruise Dig. (Greenl. ed.)

tit. xxxii. *c.* 25, §§ 2–10. 1 Washburn on Real Prop. 445. *Attorney General* v. *Merrimack Manuf. Co.* 14 Gray, 612. There is no case in this state, or elsewhere, so far as known, where words such as are used here have been held to amount to a condition. See *French* v. *Quincy,* 3 Allen, 9, and cases cited; *Tilden* v. *Tilden,* 13 Gray, 103 ; *Indian Orchard Canal Co.* v. *Sikes,* 8 Gray, 562, 565, and cases cited; *Stone* v. *Ellis,* 9 Cush. 95 ; *Lawrence* v. *Gifford,* 17 Pick. 366 ; *Stuyvesant* v. *Mayor, &c. of New York,* 11 Paige, 414. In case of doubt, the clause should be construed as a covenant rather than as a condition ; and where language is relied on to work a forfeiture, it should be construed with great strictness. In this case, the grantor meant to provide a resting place for the dead for that generation, and to provide a fund by means of which the town could procure another, in case it should become desirable to do so. The place was then almost a wilderness. It cannot be that the grantor meant to fix upon that particular spot, and require it to be used for all time for a burial-place, or, in case of failure to do so, to expose it to be bought in by speculators. There is nothing in the nature of the estate conveyed which necessarily requires that construction. Old burial grounds must in many cases be discontinued, and more convenient and appropriate places selected ; and this is not inconsistent but in accordance with the highest respect for the dead.

*B. F. Thomas & G. F. Hoar,* for the demandant. The words of this deed are substantially equivalent to *ita quod,* which make a condition. Shep. Touchstone, 121. But a condition, though not expressed in direct terms, may be implied from the whole instrument. *Pray* v. *Pierce,* 7 Mass. 381. *Wallis* v. *Wallis,* 4 Mass. 135. *Russell* v. *Coffin,* 8 Pick. 143, 151, 152. 4 Kent Com. (6th ed.) 132. *Merrifield* v. *Cobleigh,* 4 Cush. 184. Serj. Catline, *arg.* in *Browning* v. *Beston,* Plow. 141, 142. Co. Litt. 204 *a.* Com. Dig. Condition, A ; Devise, N 9. Vin. Ab. Conditions, C. Shep. Touchstone, 124, 125. The grantor's intent to qualify the fee is plain. The purpose for which the deed was given is in its nature permanent and exclusive. The manners, habits of thought and laws of this commonwealth unite in

showing this. Rev. Sts. *c.* 130, § 21. *Commonwealth* v. *Viall*, 2 Allen, 512. Construing this language to amount to a condition will violate no rule of law. *Brattle Square Church* v. *Grant*, 3 Gray, 142. It would violate no rule of public policy. If the grantor's intent can be carried into effect by any construction consistent with the terms of the deed, that construction should be adopted. There is no other mode by which his intent can be carried out. Though the precise question has not been decided here, this seems to have been assumed as the true construction in similar cases. See *Brigham* v. *Shattuck*, 10 Pick. 309; *Hadley* v. *Hadley Manuf. Co.* 4 Gray, 140; *De Witt* v. *Harvey*, Ib. 489; *Hayden* v. *Stoughton*, 5 Pick. 536. It is believed that many grants in this commonwealth for training grounds and other public purposes, as well as the grant of the land upon which the State House stands, are identical or nearly so with the grant in this case. See, for cases strongly analogous, *Parsons* v. *Miller*, 15 Wend. 564; *Jackson* v. *Pike*, 9 Cow. 69; *Police Jury* v. *Reeves*, 18 Martin, (Louis.) 221; *Sperry* v. *Pond*, 5 Ohio, 388; *Scott* v. *Stipe*, 12 Indiana, 74; *Leach* v. *Leach*, 4 Indiana, 628; *Broadway* v. *State*, 8 Blackf. 290; *Grissom* v. *Hill*, 17 Arkansas, 483; *State* v. *Brown*, 3 Dutcher, 13; *Castleton* v. *Langdon*, 19 Verm. 210; *Kirk* v. *King*, 3 Barr, 436.

BIGELOW, C. J. The construction of the deed from the demandant's ancestor to the town of Uxbridge is not free from difficulty; but upon careful consideration we are of opinion that, adhering in its interpretation, as we are bound to do, to the strict rules of the common law respecting grants of real property, we cannot construe it as a deed upon condition.

It is said in Shep. Touchstone, 126, that "to every good condition is required an external form;" that is, it must be expressed in apt and sufficient words, which according to the rules of law make a condition; otherwise it must fail of effect. This is especially the rule applicable to the construction of grants. A deed will not be construed to create an estate on condition, unless language is used which, according to the rules of law, *ex proprio vigore*, imports a condition, or the intent of

**128** WORCESTER.

Rawson *v.* Inhabitants of School District No. 5 in Uxbridge.

the *grantor to* make a conditional estate is otherwise clearly and unequivocally indicated. Conditions subsequent are not favored in law. If it be doubtful whether a clause in a deed be a covenant or a condition, courts of law will always incline against the latter construction. Conditions are not to be raised readily by inference or argument. Co. Litt. 205 *b*, 219 *b*. 4 Kent Com. (6th ed.) 129, 132. Shep. Touchstone, 133. *Merrifield* v. *Cobleigh*, 4 Cush. 178, 184.

In the deed on which the present controversy arises there are, strictly speaking, no words of condition, such as of themselves import the creation of a conditional estate. The usual and proper technical words by which such an estate is granted by deed are, " provided," " so as " or " on condition." Lord Coke says, " Words of condition are *sub conditione, ita quod, proviso."* *Mary Portington's case*, 10 Co. 42 *a*. Co. Litt. 203 *a*, 203 *b*. So a condition in a deed may be created by the use of the words " *si*," or " *quod si contingat*," and the like, if a clause of forfeiture or reëntry be added. Co. Litt. 204 *a*, 204 *b*. *Duke of Norfolk's case*, Dyer, 138 *b*. 1 Wood on Conveyancing, 290. In grants from the crown and in devises, a conditional estate may be created by the use of words which declare that it is given or devised for a certain purpose, or with a particular intention, or on payment of a certain sum. But this rule is applicable only to those grants or gifts which are purely voluntary, and where there is no other consideration moving the grantor or donor besides the purpose for which the estate is declared to be created. But such words do not make a condition when used in deeds of private persons. If one makes a feoffment in fee *ea intentione, ad effectum, ad propositum*, and the like, the estate is not conditional, but absolute, notwithstanding. Co. Litt. 204 *a*. Dyer, *ubi supra.* 1 Wood on Conveyancing, 290. Shep. Touchstone, 123. These words must be conjoined in a deed with others giving a right to reënter or declaring a forfeiture in a specified contingency, or the grant will not be deemed to be conditional. It is sometimes said that the words " *causa* " and " *pro*," when used in deeds, create a condition; that is, where a deed is made in express terms for a specific purpose, or in

consideration of an act to be done or service rendered, it will be interpreted as creating a conditional estate. But this is an exception to the general rule, and is confined to cases where the subject matter of the grant is in its nature executory; as of an annuity to be paid for service to be rendered or a right or privilege to be enjoyed; in such case if the service be not performed or the enjoyment of the right or privilege be withheld which formed the consideration of a grant, the grantor will be relieved from the further execution of the grant, to wit, the payment of the annuity. Shep. Touchstone, 124. *Cowper* v. *Andrews*, Hob. 41. Co. Litt. 204 *a.* But ordinarily the failure of the consideration of a grant of land, or the non-fulfilment of the purpose for which a conveyance by deed is made, will not of itself defeat an estate. The reason for this distinction between the two classes of cases is, as stated by Coke, "that the state of the land is executed and the annuity executory." Co. Litt. 204 *a.* There is one other class of grants which are sometimes said to be conditional; as when a feoffment is made *ad solvendum*, "for the matter shows that the intent of the feoffor was to have the land or the money;" or a grant *ad erudiendum filium*, "because the words purport that the instruction is to be given, or the feoffment will be void." It may be doubtful whether such words do operate in strictness as a condition. The latter case is stated in the Touchstone doubtfully, in this wise: "Some have said this estate is conditional." But if grants so expressed can be construed to create a condition by which to defeat an estate on breach and entry, it is clear that such an interpretation of them is confined to cases where the whole consideration of the grant is the accomplishment of a specific purpose, and the enjoyment of the estate granted is clearly made dependent on the performance of an act or the payment of money for the use or benefit of the grantor or his assigns. We believe there is no authoritative sanction for the doctrine that a deed is to be construed as a grant on a condition subsequent solely for the reason that it contains a clause declaring the purpose for which it is intended the granted premises shall be used, where such purpose will not enure specially to the benefit of the grantor and

his assigns, but is in its nature general and .public, and where there are no other words indicating an intent that the grant is to be void if the declared purpose is not fulfilled.

If it be asked whether the law will give any force to the words in a deed which declare that the grant is made for a specific purpose or to accomplish a particular object, the answer is, that they may, if properly expressed, create a confidence or trust, or amount to a covenant or agreement on the part of the grantee. Thus it is said in *The Duke of Norfolk's case*, Dyer, 138 *b*, that the words " *ea intentione* " do not make a condition but a confidence and trust. See also *Parish* v. *Whitney*, 3 Gray, 516, and *Newell* v. *Hill*, 2 Met. 180, and cases cited. But whether this be so or not, the absence of any right or remedy in favor of the grantor under such a grant to enforce the appropriation of land to the specific purpose for which it was conveyed, will not of itself make that a condition which is not so framed as to warrant in Jaw that interpretation. An estate cannot be made defeasible on a condition subsequent by construction founded on an argument *ab inconvenienti* only, or on considerations of supposed hardship or want of equity.

In the light of these principles and authorities we cannot interpret the words in the deed of the demandant's ancestor, which declare that the premises were conveyed " for a burying-place forever," to be words of strict condition. Nor can we gather from them that they were so intended by the grantor. The grant was not purely voluntary. It was only partially so. It was not made solely in consideration of the love and affection which the grantor bore towards the grantees, but also " for diverse other valueable considerations me moveing hereunto." Previously to the time of the grant, the premises had been used for a burial-place. It is so described in the deed. Under what circumstances this had been done does not appear. It may have been for a compensation. We cannot now know, therefore, that the sole cause or consideration which induced the grantor to convey the estate to the town was, that it should be used for the specific purpose designated in the deed. There can be no doubt of the intent of the grantor that the estate

should always be used and appropriated for such purpose. This intent is clearly manifested; but we search in vain for any words which indicate an intention that if the grantees omitted so to use them, and actually devoted them to another purpose, the whole estate should thereupon be forfeited, and revert to the heirs of the grantor. The words in the deed are quite as consistent with an intent by the grantor to repose a trust and confidence in the inhabitants of the town, for whom he declared his affection and love, that they would always fulfil the purpose for which the grant was made, so long as it was reasonable and practicable so to do, as they are with an intent to impose on them a condition which should compel them, on pain of forfeiture, to maintain the premises as a burial-place for all time, however inconvenient or impracticable it might become to make such an appropriation of them. Language so equivocal cannot be construed as a condition subsequent without disregarding that cardinal principle of real property already referred to, that conditions subsequent which defeat an estate are not to be favored or raised by inference or implication.

*Judgment for the tenants.*