CLAREMONT COLLEGE v. J. L. RIDDLE.

(Filed 25 March, 1914.)

1. Corporations—Defective Organization—Legislative Amendments.

*Semble*, the place for recording articles of incorporation taken out before the clerk were properly filed and recorded in the office of register of deeds of the county under Laws of 1871-'72, ch. 199, sec. 8; but were it otherwise, a corporation thus formed having all the attributes of a corporation *de facto*, towit, a *bona fide* attempted organization under a statute, and the consequent actual user of the incidental powers, can make a valid deed to lands it has thus acquired; and its powers to thus act can only be drawn in question by the State, on suit regularly entered.

2. Same—Curative Acts.

A defective organization of a corporation under a general law authorizing it is cured by a legislative amendment to its original charter, and especially when the amendment distinctly recognizes its corporate existence, is the State thereafter concluded from setting up the original defects.

3. Corporations—Deeds and Conveyances—Restrictive Powers—Conditions Subsequent.

The original charter of a corporation provided, among other things, that the purpose of the corporation was to establish a female college, with authority to take, receive, and hold property, real and personal, which may be conveyed to the corporation, or its trustees and their successors for its use and benefit, etc.: *Held*, a habendum in a deed to land made to the corporation, its successors in office, for the only proper use and benefit of the corporation, does not so restrict the use of the lands to school purposes, under condition subsequent, as to invalidate a conveyance of the lands to a third person. *Church v. Ange*, 161 N. C., 314, cited and distinguished.

4. Same—Statutes—Intent.

A deed to lands to be held for school purposes reserves in the grantor a possibility of reverter, which may be removed by a subsequent and unconditional deed from him; and the deed in question bearing date in 1880, it was made subject to the statute of 1879, now Revisal, sec. 946, and is to be construed in fee, it not appearing by construction that it was the intent of the grantor to pass an estate of less dignity.

5. Corporation—Deeds and Conveyances—Restrictive Powers—Parties—Tender of Deed—Judgment—Estoppel.

A conveyance of lands was made to Claremont Female College, which by legislative amendment was changed to Claremont College and a conveyance of the land made from the trustees of the college under its former name to that under the amendment. The amendment placed the control and management of the college under the "Classis of North Carolina Reformed Church of the United States," providing for a governing body of trustees to take and hold the property of the college. The objection that the Reformed Church of the United States should be made a party to an action involving the validity of a conveyance of the lands by the corporation to another, to be used for other than school purposes, is untenable, the local part of that organization, especially charged with looking after its interest there, through its accredited representatives, having been made parties plaintiff and joined in the tender of the deed.

6. Corporations—Charter Provisions—Management—Deeds and Conveyances—Purchaser.

Where an educational corporation has agreed to convey certain of its lands, the purchaser may not refuse the deed upon the ground that it would render the corporation unable to conduct a school in accordance with its charter, as such matter affects the internal management of the corporation and does not concern the purchaser.

APPEAL by defendant from *Cline, J.,* at October Term, 1913, of CATAWBA.

Civil action, heard and determined by consent before his Honor.

On the hearing it appeared that, plaintiff having bargained a piece of real estate to defendant at the price of $1,400 and tendered a deed for same, defendant resisted recovery on the

ground that the title offered is not a good one. On the issue presented, the pertinent facts and conclusions of law thereon were declared and stated by the court as follows:

"First. That in or about July, 1880, John F. Murrill, J. G. Hall, A. M. Peeler, et als. filed articles of incorporation in the office of the clerk of the Superior Court and received a charter from the said clerk of the Superior Court, incorporating Claremont Female College; said articles of incorporation were filed 28 July, 1880, in the office of the register of deeds for Catawba County in Book 14, at page 58 et seq.; the said articles are hereby made a part hereof, and will appear in the record of this cause; that the said parties organized under their said charter, received and held property, both real and personal, established a female school or college, and they or their successors have maintained and conducted the school under said charter without any amendments thereto from that time continuously to the present.

"Second. That on 1 February, 1881, Henry W. Robinson, of Catawba County, now deceased, who was seized in fee of the tract of land in said county hereinafter mentioned, executed and delivered to John F. Murrill, J. G. Hall, A. M. Peeler, et als. a deed for that tract of land fully described therein, now known as the Claremont College property, in Hickory, which deed was filed in the office of the register of deeds, 31 December, 1885, and was registered in Book 27, page 522, reference to which is hereby made for the full terms of said deed and description of property, and copy of which will be found in the record.

"Third. That on 12 February, 1909, the General Assembly of 1909 passed an act to amend the charter, which is chapter 58 of the Private Laws of 1909, reference to which is hereby made.

"Fourth. That on or about 19 September, 1913, J. L. Murphy, K. C. Menzies, et als., being present trustees of Claremont College, executed as trustees under their hands and seals deed to Claremont College as a corporation, which deed is duly registered in the office of the register of deeds for Catawba County in Book ..., page ..., reference to which is hereby made, and a copy of which will be found in the record.

"Fifth. That the plaintiff, Claremont College, prior to the institution of this action, was duly and properly authorized by its board of trustees to sell off certain lots from the tract of land described in the Robinson deed and use the proceeds thereof for advancing the purposes and interests of the corporation, and that said authority was given in the exercise of the best judgment of the trustees, and the court finds that the same was duly and timely made and given.

"Sixth. That prior to the institution of this action the said plaintiff, with proper authority from its trustees, contracted and agreed with the defendant to sell and convey to the defendant that lot fully described in the fourth paragraph of the complaint, and known as Lot No. 1 of the Claremont College plat, prepared by J. E. Barb, surveyor, at the price of $1,400, and the defendant contracted and agreed upon his part to pay to the plaintiff therefor the said sum of $1,400.

"Seventh. That prior to the institution of this action the plaintiff tendered to the defendant a deed purporting to convey to the defendant in fee the said Lot No. 1, and demanded the purchase money therefor, but the defendant declined and refused to accept said deed and pay the purchase money therefor, upon the ground that the plaintiff could not make title in fee for said lot.

"Eighth. That this action was thereupon begun for the purpose of requiring and compelling said defendant to accept said deed and pay the purchase money to the plaintiff.

"Upon the foregoing findings of fact, the court concludes and holds as a matter of law:

"First. That Claremont College, the name being so changed from Claremont Female College by the General Assembly of 1909, was and still is a corporation, as alleged by the plaintiff, for all the purposes of this action.

"Second. That Henry W. Robinson was, prior to and on the first day of February, 1881, seized in fee of the tract of land described in his deed to John F. Murrill, J. G. Hall, A. M. Peeler, *et als.,* trustees of Claremont Female College, and on said day conveyed to them as such trustees, their successors and assigns, in fee, the land in said deed described.

"Third. That the deed from J. L. Murphy, K. C. Menzies, and others, present trustees of Claremont College, dated 19 September, 1913, conveys to Claremont College, Incorporated, in fee the eight (8) lots therein fully described.

"Fourth. That the contract and agreement entered into between the plaintiff and defendant was good and valid and enforcible in law against the defendant, for that Lot No. 1, covered by said agreement, was one of the lots mentioned in the last paragraph above, and the said plaintiff had and still has a fee-simple estate in said lot, and is able to convey same to the defendant, his heirs and assigns, in fee.

"Fifth. That the deed tendered by the plaintiff to the defendant is sufficient in form and substance to convey to the defendant in fee the said Lot No. 1.

"Sixth. That the plaintiff is entitled to judgment against the defendant for the sum of $1,400, recoverable upon the delivery to him of said deed, and for the costs of this action.".

Judgment thereon for plaintiff, and defendant excepted and appealed.

*Charles W. Bagby and B. B. Blackwelder for plaintiff.*
*A. A. Whitener for defendant.*

HOKE, J. We concur in his Honor's view that the title offered in this case is a good one, and that defendant must pay the contract price. As we understand his position, it was objected for defendant: (1) That the original incorporation of Claremont Female College was defective in that the proposed charter was registered in the office of the register of deeds, and not before the clerk, as required by The Code of 1883, sec. 678, and now in the office of Secretary of State, Revisal 1905, sec. 1139. So far as we can ascertain, at the time this incorporation was had or attempted, in 1880, the law applicable was that of 1871-'72, and, under that act, the registry in the office of the register of deeds seems to have been the proper place (Laws 1871-'72, ch. 199, sec. 8); but if we are in error about this, and some amendment has escaped attention, and if it be conceded that the registry had was not the proper method, it would not avail defendant

in this instance, for the reason that, upon all the testimony and the facts as found by his Honor, the Claremont Female College had and possessed all the attributes of a corporation *de facto,* towit: "A statute under which it might have been organized. (2) A *bona fide* attempt to organize pursuant to the statute. (3) An actual user of the corporate powers incident to such an organization." 10 Cyc., 252-253. And as such, and in reference to third persons, it could take and hold property and exercise, under its charter, all the powers of a corporation *de jure. Finnegan v. Noerenburg,* 52 Minn., 239; *Investment Co. v. Davis,* 7 Ind. Ter., 152; *Marshall v. Keach,* 227 Ill., 35; 1 Clark and Marshall, sec. 81, pp. 230-233. Its powers to act could only be drawn in question by the State, on suit regularly entered, and this source of interference is removed by the action of the Legislature amending the original charter. Private Laws 1909, ch. 58. Not only does an amendment, in distinct recognition of the corporate existence, conclude the State in this respect (*R. R. v. City of St. Louis,* 66 Mo., 228; *Bashor & Stebbins v. Dressel,* 34 Md., 503; *People v. Perrin,* 56 Cal., 345), but this statute expressly provides (section 3), "That the original charter of said college is in all respects wherein the same is not inconsistent herewith, recognized, ratified, and confirmed."

It was further insisted that, under the first deed from H. W. Robinson, the original owner, the specific property was restricted, to school purposes, and not otherwise, and this by reason of the language of the habendum, as follows, the deed being to J. F. Murrill *et al.,* incorporators and trustees of the college: "To have and to hold the aforesaid lands and premises to the party of the second part and their successors in office forever, for the only proper use and behalf of said Claremont Female College as aforesaid." The original charter makes provision that it is to establish a female college, and for that purpose, among other things, may take, receive, and hold property, real and personal, which may be conveyed to said corporation or to said trustees and their successors for the use and benefit of the same, etc., and it is held with us and by the weight of authority elsewhere that the words of this habendum do not have the effect contended for

by the defendant, appropriating the specific property to school purposes, under condition subsequent, but, unless there is imperative and express provision to the contrary, as in *Church v. Ange,* 161 N. C., 314, these and words of similar import shall be held to express only the purpose of the grantor in making the deed, and that as to third persons the power of the trustees or other corporate authority to convey the property is not impaired. *Fellowes v. Durfey,* 163 N. C., 305; *St. James v. Bagley,* 138 N. C., 384; *Dowden v. Rayburn,* 214 Ill., 342; *Rawson v. School District,* 89 Mass., 125; *Hunter v. Murphy,* 126 Ala., 123; *Carroll Co. Academy v. Gallatin Academy,* 104 Ky., 621. And, in any event, there would only be a possibility of reverter in H. W. Robinson and his heirs, and, as we interpret the record, this has been entirely removed in the present case by a subsequent deed of Robinson, conveying the property to the college, without any qualifying words whatever.

In this connection, it may be well to note that this property was acquired and the deeds bear date in 1880, and, after that time, making same subject to the statute of 1879, now Revisal, sec. 946, and by which it is provided that all deeds shall be construed to be in fee, with or without the word "heirs," unless it is shown by "plain and express" words or it shall plainly appear by the conveyance or some part thereof that the grantor intended an estate of lesser dignity. The decision of *Allen v. Baskerville,* 123 N. C., 126, is not controlling, therefore, on the construction of the present title; and it will be noted further that to cure or remove any defect, or the appearance of it, by reason of the original deed having been made to the trustees by name, these trustees have all executed a deed conveying the property to the college under its present and proper title of "Claremont College."

Again, it is contended that under the statute amending the charter the property has been placed under the control and management of the "Classis of North Carolina Reformed Church of the United States," and that they should be made party to the suit; but this position cannot be sustained. True, the Reformed Church had been placed in the control of the school and the

property, but a perusal of the statute will disclose that a governing body of trustees is provided for, who are to take and hold the property and are sufficiently representative to bind the church by decree entered in the cause to which they are parties. And the suggestion finally made that the property is required for school purposes is not one presented in the record. Doubtless if it were properly made to appear that a proposed sale or conveyance of this property or any part of it would render the trustees unable to continue or conduct a school, as provided and contemplated by the charter, a court would interfere to stay the sale; but this is a matter which affected the internal management of the corporate affairs and does not concern the purchaser. *Wilkinson v. Brinn,* 124 N. C., 723.

It would seem from a perusal of the present charter as amended that the Corinth Reformed Church of Hickory, N. C., is the body more especially charged with the duty of looking after this interest, and that church, by its accredited representatives, has been made a party plaintiff, and thereby joins in this tender of title, and certainly is concluded by the decree. There is no error, and the judgment is

Affirmed.