289 S.E.2d 890 (1982)
Carlie PEELE and wife, Lessie Pace Peele, Berta Peele Flowers, Widow, John Vernon Peele, Jr. and wife, Frances Bryant Peele, Ruby Peele Williams and husband, Hulon Williams, William Roger Peele and wife, Nellie Smith Peele, Mildred Peele Morris and husband, Walter C. Morris, and Gretchen Peele Whitaker and husband, Merle Whitaker
v.
WILSON COUNTY BOARD OF EDUCATION and W. E. Edwards.
No. 817SC680.
Court of Appeals of North Carolina.
April 6, 1982.
*892 Kirby & Clark by J. Russell Kirby, Wilson, and Kirby, Wallace, Creech, Sarda & Zaytoun by David F. Kirby and Peter J. Sarda, Raleigh, for plaintiffs-appellants.
Rose, Jones, Rand & Orcutt by Z. Hardy Rose, Wilson, for defendant-appellee Wilson County Bd. of Ed.
HARRY C. MARTIN, Judge.
Plaintiffs contend that the manifest intention of the grantors in the deed to the school board limited the conveyance to a grant of less than fee simple and that "the trial judge erred by failing to consider all parts of the deed in determining the estate conveyed." Plaintiffs argue that the plain and express words indicate that the Peeles intended to grant a fee on condition subsequent.
Assuming, arguendo, that we adopt plaintiffs' position that the conditional provision in the deed must be given weight as an expression of the grantors' intent, we cannot agree that the provision has the effect of preserving in the grantors a right of entry for condition broken.
The future interest in real property known as the right of entry for condition broken arises after the creation of the possessory estate known as the fee simple estate subject to a condition subsequent. Typical language for the creation of a fee simple subject to a condition subsequent specifies that a grantee or devisee shall have a fee simple estate "on condition that," "provided that," but "to be null and void if" a certain event occurs, or to be forfeited upon the happening or failure of continuance of certain facts. This interest is the retention of a "right," or more accurately a "power," to re-enter the premises or to institute an action to terminate the grantee's or devisee's possessory estate when the forfeiting event occurs.

Webster, The Quest for Clear Land Titles Whither Possibilities of Reverter and Rights of Entry, 42 N.C.L.Rev. 807, 810 (1964) (emphasis ours).
The provision upon which plaintiffs rely to establish their right to the property in question contemplates not an unconditional right to reenter the premises or even to institute an action to terminate the defendant school board's possessory estate, but rather gives them a preemptive right to purchase the property for a specified amount of money upon certain conditions. The language is inconsistent with any purported intent of the grantors to retain an interest in the property conveyed.
However, we reject plaintiffs' contention for more compelling reasons. The facts of this case fall squarely within the rule enunciated in Artis v. Artis, 228 N.C. 754, 761, 47 S.E.2d 228, 232 (1948), that "where the entire estate in fee simple, in unmistakable terms, is given the grantee in a deed, both in the granting clause and habendum, the warranty being in harmony therewith, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected." See also Whetsell v. Jernigan, 291 N.C. 128, 229 S.E.2d 183 (1976); Kennedy v. Kennedy, 236 N.C. 419, 72 S.E.2d 869 (1952).
We agree with plaintiffs that the above-mentioned rule is one of construction and not one of law, and that it does not place an absolute bar to a consideration of the grantors' intent. At the threshold of plaintiffs' argument is that the use of words "successors in office" renders the language in the deed less than clear to convey an estate in fee simple, thus requiring the court to look beyond the language to ascertain the grantors' intent. This contention was considered in College v. Riddle, 165 N.C. 211, 81 S.E. 283 (1914), in which the Court stated:
The original charter makes provision that it is to establish a female college, and for that purpose, among other things, may take, receive, and hold property, real and personal, which may be conveyed to said corporation or to said trustees and their successors for the use and benefit of the same, etc., and it is held with us and by the weight of authority elsewhere that the words of this habendum do not have the effect contended for by the defendant, *893 appropriating the specific property to school purposes, under condition subsequent, but, unless there is imperative and express provision to the contrary ... these and words of similar import shall be held to express only the purpose of the grantor in making the deed, and that as to third persons the power of the trustees or other corporate authority to convey the property is not impaired.
Id. at 216-17, 81 S.E. at 285.
In light of the foregoing, a reading of the Peele deed discloses that the words of the granting clause, the habendum clause, and the warranty are fully sufficient to pass fee simple title to defendant school board. We see no reason to strain the rules of construction by journeying beyond the four corners of the deed in a mission of exploration into the realm of intent.
Plaintiffs next contend that the trial court erred in concluding that the rights of the grantors to purchase the property were vague or void for violating the rule against perpetuities.
The law with respect to preemptive rights has most recently been enunciated in Smith v. Mitchell, 301 N.C. 58, 269 S.E.2d 608 (1980). With respect to the duration of the right the Court wrote: "We believe the better rule is to limit the duration of the right to a period within the rule against perpetuities and thus avoid lengthy litigation over what is or is not a reasonable time within the facts of any given case." Id. at 66, 269 S.E.2d at 613. In order to avoid a violation of the rule against perpetuities, the property interest must vest, if at all, within a life-in-being plus twenty-one years. Thus, the preemptive right in the deed sub judice violates the rule; that is, there was the possibility at the time of the conveyance that the school board would continue to use the property for school purposes well beyond the time limit set by the rule.
Plaintiffs, however, contend that their rights should be determined in light of Joyner v. Duncan, 299 N.C. 565, 264 S.E.2d 76 (1980). They rely on the following language: "Due to our holdings ... application of the wait and see doctrine is not necessary to the decision of this case. Therefore, we will have to wait and see in future decisions of this Court, what application, if any, this doctrine will have in North Carolina." Id. at 582, 264 S.E.2d at 89. Plaintiffs urge us to apply the "wait and see" doctrine in the case sub judice.
We do not foreclose the possibility that, under some set of facts where equity dictates the necessity, our courts may adopt the "wait and see" doctrine; however, the clear import of Mitchell, supra, suggests that the doctrine has no place in a preemptive rights setting. The Court in Mitchell attempted to establish measurable standards by which a preemptive right could be judged reasonable. It would be anomalous to now hold that we should "wait and see" if the duration of a preemptive right is reasonable. We are, moreover, reluctant to further complicate, by exceptions, the rule our Supreme Court has chosen to adopt as a measuring guide for determining the reasonableness of a time limit on preemptive rights.
There is certainly good reason to limit the option in gross to a relatively short period of time, but the rule against perpetuities is obviously not suited to the commercial transaction. The rule against perpetuities was formulated in the context of donative transfers of family wealth. Lives in being plus 21 years has no purpose in the commercial field. It seems that a limit of a specific number of years is called for.
T. Bergin and P. Haskell, Preface to Estates in Land and Future Interests 212 (1966).
We are unable to accept plaintiffs' contention that the preemptive right does not violate the rule against perpetuities because the right vested immediately in the grantors and their heirs. "[T]he option to purchase specific land is a contract which creates something in the nature of an equitable contingent interest ...." Id. at 211 (emphasis ours). Plaintiffs' interest could not vest until the option was exercised, an event which would not occur until the *894 school board ceased using the property for school purposes, which could occur well beyond the time limit set by the rule. Mitchell, supra.
We hold that the trial court's findings of fact were sufficient to support the conclusions of law, and the judgment is affirmed.
ROBERT M. MARTIN and WHICHARD, JJ., concur.