WINNIE A. COXE, SINGLE; JO COXE HASTY, SINGLE; AGNES COXE WAT-
KINS, SINGLE; J. ROBERT MATHESON AND WIFE, JANE S. MATHESON;
BETTY M. EDWARDS, WIDOW; MARY ELIZABETH WINSTEAD AND HUS-
BAND, WHARTON H. WINSTEAD; BETTY S. MERRITT; ELLEN M. KANE,
WIDOW; FRANCIS COXE v. J. W. WYATT AND WIFE, D. B. WYATT; THE
MARCH DEVELOPMENT CORPORATION

No. 8612SC401

(Filed 21 October 1986)

1. **Deeds § 21— right of first refusal—violation of rule against perpetuities**

     Where plaintiffs sold property to defendant corporation and included in
the deed was a right of first refusal on another piece of property owned by
plaintiffs, the trial court did not err in finding that the right of refusal was
void as a matter of law, since the language of the right never mentioned how
long it was to last; it therefore appeared perpetual in nature; and the right of
first refusal thus violated the rule against perpetuities.

2. **Vendor and Purchaser § 1— offer to purchase—sufficiency**

     A contract existed between plaintiffs and the individual defendants where
defendants made a signed written offer to plaintiffs to purchase the land in
question, and language of the offer which mentioned the corporate defendant's
alleged right of first refusal was ineffective.

3. **Vendor and Purchaser § 1— offer to sell—insufficiency**

     There was no merit to the corporate defendant's contention that property
was offered to it by plaintiffs unconditionally, independent of its right of first
refusal.

APPEAL by defendant, The March Development Corporation,
from *Hobgood, Judge.* Judgment entered 3 December 1985 in Su-
perior Court, CUMBERLAND County. Heard in the Court of Ap-
peals 24 September 1986.

On 20 November 1980, plaintiffs or their predecessors in in-
terest sold approximately 20.65 acres of property to appellant
The March Development Corporation. Contained in the deed was
a right of first refusal "of any bona fide offer to purchase which
Grantors may receive for the purchase of that certain 21.18 acre
tract owned by the same Grantors. . . ." Approximately five

years later the plaintiffs did receive a written offer to purchase the 21.18-acre tract. The following language was contained in the Wyatt defendants' offer:

> This offer is subject to the right of first refusal, if effective, in favor of The March Development Corporation as found in Book 2798, Page 807, Cumberland County Registry.

By letter dated 29 March 1985 plaintiffs accepted Wyatt defendants' offer. This offer and acceptance was communicated in a letter to The March Development Corporation. The letter acknowledged the corporation's right of first refusal and requested that the corporation make known its intention regarding the purchase of this property for the same price and terms. On 5 April 1985, defendant March Development Corporation notified plaintiff by letter that they intended to purchase the property. A second letter from March Development Corporation was sent reaffirming their intention to purchase the 21.18-acre tract "in accordance with the right of first refusal contained in the Deed. . . ."

Wyatt defendants claimed that the corporation's right of first refusal was invalid and that plaintiffs were contractually bound to convey the tract to them. Defendant March Development Corporation threatened legal action if the property was not conveyed to it.

On 14 August 1985, plaintiffs instituted this action by filing a complaint for declaratory judgment to determine the legal rights of the parties. An answer and a motion for summary judgment were filed by Wyatt defendants on 19 August 1985. The March Development Corporation filed an answer, cross-claim, and a counterclaim on the same day. The March Development Corporation filed a response to Wyatt defendants' motion for summary judgment on 21 November 1985. On 3 December 1985, summary judgment was granted in favor of Wyatt defendants. On 4 December 1985, Wyatt defendants filed a motion for summary judgment to the cross-claim of March Development Corporation. March Development filed a motion for summary judgment on its cross-claim the same day. Plaintiffs filed a reply to the counterclaim of defendant March Development Corporation on 4 December 1985. March Development gave written notice of appeal on 11 December 1985. From the judgments of the trial court, defendant March Development Corporation appeals.

Coxe v. Wyatt

*Thorp and Clarke, by Herbert H. Thorp and F. Stuart Clarke, for defendant appellant.*

*Emanuel and Emanuel, by George W. Kane, III, for plaintiff appellees.*

*Singleton, Murray & Craven, by Richard T. Craven, for defendant appellees.*

ARNOLD, Judge.

Defendant appellant, The March Development Corporation, argues that the trial court erred in granting Wyatt defendants' motion for summary judgment and in denying the appellant's motion for summary judgment. March Development's argument is based on three contentions.

[1] Appellant first contends that the lower court erred in finding that appellant's right of refusal was void as a matter of law. Specifically, appellant claims that the right of first refusal in the present case is not void because it does not fall within the category of preemptive rights as defined by *Smith v. Mitchell,* 301 N.C. 58, 269 S.E. 2d 608 (1980). We disagree.

*Smith* required that in order for a preemptive right to be valid, it must meet a two-prong test of reasonableness. First, the preemptive right must not violate the rule against perpetuities. Second, it must link the price to the fair market value of the land or to a figure that the seller is willing to accept. *Id.*

Appellant attempts to distinguish the right of first refusal in the case *sub judice* from the definition of a preemptive right found in the *Smith* decision. In *Smith* our Supreme Court stated:

> A preemptive right "requires that, before the property conveyed may be sold to another party, it must first be offered to the conveyor or his heirs, or to some specially designated person." 6 *American Law of Property* § 26.64 at 506-07 (1952).

*Id.* at 61, 269 S.E. 2d at 610. Appellant claims that this language defines a preemptive right only to include a right of first refusal kept by a grantor when selling a particular piece of property. When interpreting the language used by the Supreme Court in

*Smith,* it is helpful to look at the full passage of the *American Law of Property* from which the quote was taken.

In the *American Law of Property* the sentence immediately preceding the language actually quoted by *Smith* reads: "A preemption is usually found in a conveyance of property." *6 American Law of Property,* § 26.64 at 506-07 (1952). While most preemptive rights are usually rights reserved by the grantor upon conveyance of a piece of property, this is not always true. The right involved in the case *sub judice* is an example of a preemptive right of first refusal not held by the grantor. Thus, the restrictions set forth in *Smith* apply.

Having determined *Smith* to be controlling it next must be determined if the preemptive right in the present case withstands the two-prong test of reasonableness. The first requirement is not met. Appellant's right of first refusal violates the rule against perpetuities. The language which arguably created the preemptive right never mentioned how long it was to last. The right appeared perpetual in nature. This violates the requirement that an interest in property must vest, if at all, within a life-in-being plus *twenty-one* years. *Smith v. Mitchell,* 301 N.C. 58, 269 S.E. 2d 608 (1980). Since the first prong of the test is violated, we need not deal with the second. Defendant appellant's right of first refusal is void as a matter of law.

[2]  Next appellant contends that the trial court erred in finding that a contract existed between plaintiff heirs and Wyatt defendants. We disagree.

The Wyatts made a signed written offer to plaintiffs to purchase the 21.18-acre tract of land. The offer contained the following language, "This offer is subject to the right of first refusal, if effective, in favor of The March Development Corporation . . . ." Plaintiffs accepted the offer by letter on 29 March 1985. *See generally Normile v. Miller,* 313 N.C. 98, 326 S.E. 2d 11 (1985). The language of the offer which mentions the alleged right of first refusal is insignificant because that right is void and ineffective. The letter of acceptance by the plaintiff heirs created a valid and enforceable contract.

[3]  Lastly, appellant contends that the trial court erred in failing to find a binding contract between appellant March Development

and plaintiff heirs. Specifically, appellant argues that the 21.18 acres were offered to them unconditionally, independent of their right of first refusal. We disagree.

The letter sent to appellant by plaintiff heirs explicitly stated that the heirs had received and accepted a cash offer from Wyatt defendants. The letter next referred to the right of first refusal contained in the deed of 20 November 1980 and requested notification concerning the appellant's intention to purchase the property pursuant to the same terms and conditions. One would have to ignore a substantial portion of the letter to conclude that it contained an unconditional offer. We can find no enforceable contract between appellant March Development and plaintiff heirs. The trial court's order granting summary judgment in favor of defendant appellees and the order denying defendant appellant's motion for summary judgment is

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.