VILLAGE OF PINEHURST v. REGIONAL INVESTMENTS OF MOORE, INC., WACHOVIA BANK AND TRUST COMPANY, N.A., PINEHURST ENTERPRISES, INC., RESORT HOLDING CORPORATION, PINEHURST WATER COMPANY, INC., PINEHURST SANITARY COMPANY, INC., THE CITIBANK, N.A., FIRST NATIONAL BANK OF CHICAGO, THE CHASE MANHATTAN BANK, N.A., CROCKER NATIONAL BANK, WELLS FARGO, N.A., FIRST PENNSYLVANIA BANK, N.A., FIRST NATIONAL STATE BANK OF NEW JERSEY, J. WALTER McDOWELL, III, JOHN KARSCIG, JR., ROBERT W. VAN CAMP AND JAMES R. VAN CAMP

No. 8920SC441

(Filed 16 January 1990)

**Vendor and Purchaser § 2.1 (NCI3d) — right of first refusal to purchase utilities — no time stated — rule against perpetuities violated**

A consent judgment giving plaintiff's predecessor a right of first refusal to purchase water and sewer systems serving its residents was void ab initio, since the consent judgment did not state a time within the rule against perpetuities.

**Am Jur 2d, Perpetuities and Restraints on Alienation §§ 61, 65; Vendor and Purchaser § 49.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from judgment entered 15 December 1988 by *Judge Thomas W. Seay, Jr.* in MOORE County Superior Court. Heard in the Court of Appeals 8 November 1989.

*Brinkley, Walser, McGirt, Miller, Smith & Coles, by Gaither S. Walser, D. Clark Smith, Jr. and Stephen W. Coles, for plaintiff-appellant.*

*Hunton & Williams, by Edward S. Finley, Jr., Julius A. Rousseau, III, and Frank A. Schiller, for defendant-appellees.*

GREENE, Judge.

Plaintiff Village of Pinehurst ("Pinehurst") appeals the trial court's grant of summary judgment for defendants, dismissing Pinehurst's action for declaratory judgment, to set aside deeds and deeds of trust, to give notice of lis pendens and for specific performance of a prior consent judgment. Pinehurst's purpose in filing the complaint was to prevent sale of water and sewer facilities serving the residents of Pinehurst to an entity other than Pinehurst. Defendants include the buyer of the utilities ("RIM"); the seller of the utility systems, Pinehurst Enterprises, Inc.; parent corporation of the seller, Resort Holding Corporation; several banks owning Resort Holding Corporation; the water and sewer companies serving Pinehurst, owned by seller Pinehurst Enterprises; and various officers, trustees and principals of defendants. The consent judgment had been executed on 3 December 1973 between class-action plaintiffs who were residents of Pinehurst and defendants Diamondhead Corporation and its subsidiary, Pinehurst, Inc., the Village Council [governing body] of Pinehurst, North Carolina, and others. At the time of the consent judgment, Pinehurst was not an incorporated municipality; it was a privately-owned town developed by Diamondhead. The consent judgment included the following provision:

SALE OF UTILITIES

13. *In the event* that the Defendants Pinehurst and Diamondhead shall receive a bona fide offer for the sale of said utilities, prior to accepting said offer, said Defendants shall give to the Village Council for a period of ninety (90) days a right of first refusal to purchase said utilities on behalf of the residents of the Village of Pinehurst at a price and on terms at least equal to the price and terms of the highest offer to said Defendants by a bona fide purchaser. This provision is conditioned upon adequate assurance on behalf of the Village Council that those services as then rendered by the said utilities shall be maintained at their then level, including rendering services or agreeing to render services to areas outside the Village Boundary if said service is then being rendered or has been provided or committed to said areas. It is agreed that the sale and purchase of the said utilities shall be consummated within one hundred eighty (180) days of the Village Council exercising the right of first refusal.

In the event that control of the Defendant Pinehurst, Inc. shall be transferred by a sale of the stock or the majority of the stock of said corporation, or in the event a majority of the assets of the Defendant Pinehurst, Inc. are sold or transferred, then in either event the right of first refusal to purchase said utilities shall survive said sale but shall not be exercisable as a result of said sale. (Emphasis added.)

Pinehurst alleges that after execution of the consent judgment, defendants in this case, Pinehurst Enterprises, Resort Holding Corporation, the water and sewer corporations, and the banks succeeded to and were assigned the interests of consent judgment defendants Diamondhead and Pinehurst, Inc. Pinehurst further claims that after execution of the consent judgment Pinehurst was incorporated as a municipality and assumed the powers granted to the Village Council in the consent judgment. Pinehurst seeks to assert the right of first refusal to buy the water and sewer systems pursuant to the consent judgment, as set out above. Pinehurst alleges that Pinehurst Enterprises offered to sell the systems to RIM without first offering Pinehurst the opportunity to exercise its right of first refusal.

Defendants answered Pinehurst's complaint by asserting that the right of first refusal provision and the consent judgment containing it was void ab initio. Defendants moved for summary judgment pursuant to N.C.G.S. § 1A-1, Rule 56 (1983). The trial court considered Pinehurst's complaint, defendants' answer, record pleadings, and counsels' arguments in granting summary judgment for defendants.

———————————

The deciding issue before us is whether the right of first refusal provision of the consent judgment is void because it lacked a time limit for exercise of the right.

Summary judgment is appropriate when there exists no material issue of fact and the movant is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56. The parties do not dispute any material factual issue concerning the right of first refusal provision. Defendants, as movants, submit that the provision is void as a matter of law.

Whether a right of first refusal provision is valid or void is a question of law for the trial court. *Snipes v. Snipes*, 55 N.C.

VILLAGE OF PINEHURST v. REGIONAL INVESTMENTS OF MOORE

[97 N.C. App. 114 (1990)]

App. 498, 503, 286 S.E.2d 591, 594, *aff'd*, 306 N.C. 373, 293 S.E.2d 187 (1982). We determine that the forecast of evidence before the trial court relating to the right of first refusal provision shows that no genuine issue of material fact existed as to whether the right was valid and defendants were entitled to judgment as a matter of law.

A 'right of first refusal' is also known as a 'preemptive right.' *Smith v. Mitchell*, 301 N.C. 58, 61, 269 S.E.2d 608, 610 (1980). "[F]or a preemptive right to be valid, it must meet a two-prong test of reasonableness. First, the preemptive right must not violate the rule against perpetuities. Second, it must link the price to the fair market value of the land or to a figure that the seller is willing to accept." *Coxe v. Wyatt*, 83 N.C. App. 131, 133, 349 S.E.2d 75, 77, *rev. denied*, 319 N.C. 103, 353 S.E.2d 107 (1987), citing *Smith*, at 65, 269 S.E.2d at 613.

The preemptive right in this case does not meet the first prong of reasonableness because it violates the rule against perpetuities. *Coxe*, at 134, 349 S.E.2d at 77. As illustrated by our emphasis in the provision, above, the provision does not state the time within which the right must be exercised. Whenever the utilities owner receives a bona fide offer to purchase the utilities, the right comes into being, and may be exercised. The right is perpetual in nature, and violates the reasonable time requirement. *Coxe*, at 134, 349 S.E.2d at 77; *Peele v. Wilson County Board of Education*, 56 N.C. App. 555, 560, 289 S.E.2d 890, 893, *rev. denied*, 306 N.C. 386, 294 S.E.2d 210 (1982).

Pinehurst contends that although no time is stated in the consent judgment, we should presume that a reasonable time for exercise of the right flows from the commercial nature of the consent judgment. Pinehurst asserts that this commercial transfer is unlike the private property transfers in which we traditionally find preemptive rights.

The subject matter of the preemptive right in this case is no different than the subject matter in previous cases which required some statement of a reasonable duration for exercise of the right. The consent judgment clearly affects property interests, because the water and sewer systems necessarily are intermingled with the lands beneath them. Also, we note that both public and private utilities have the power to exercise eminent domain to acquire and expand existing utility facilities. N.C.G.S. § 40A-3

(1984) (private condemnors), §§ 62-183 (1982), 162A-89.1 (1987) (public condemnors).

Pinehurst also urges us to consider its exercise of the right to purchase the utilities as a "benevolent use" so that the statutory "charity transfer" exception to the rule against perpetuities applies to this case. See N.C.G.S. § 36A-49 (1984). We decline to do so because a commercial purchase is not a "gift, grant, bequest or devise," as provided in the statute. Id.

Based on these factors, we determine that the trial court properly entered summary judgment for defendants.

Affirmed.

Judge BECTON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion: (1) The right of first refusal granted by the 1973 consent judgment is valid and legally binding upon the parties; (2) the rule against perpetuities does not apply to the circumstances recorded; and (3) because of its, and its predecessors', acceptance of the benefits of the consent judgment Pinehurst Enterprises, Inc. is estopped from disputing its validity.