KENNETH F. MIZELL, PLAINTIFF v. GREENSBORO JAYCEES-GREENSBORO
JUNIOR CHAMBER OF COMMERCE, INC., DEFENDANT AND THIRD-PARTY
PLAINTIFF v. CONEX PARTNERSHIP, A NORTH CAROLINA GENERAL PART-
NERSHIP CONSISTING OF JACOB H. FROELICH, JR., J. HYATT HAMMOND, GEORGE
W. LYLES, JR., AND ROBINSON O. EVERETT, THIRD-PARTY DEFENDANT

No. 9118SC242

(Filed 4 February 1992)

1. **Deeds § 59 (NCI4th) — first refusal — rule against perpetuities — void**

A right of first refusal was void and a conveyance to
the third party defendant pursuant to that right was a repudia-
tion of a purchase contract with plaintiff where the right of
first refusal violated the rule against perpetuities because its
reservation of right for 25 years extended beyond 21 years
in gross.

**Am Jur 2d, Perpetuities and Restraints on Alienation
§§ 65, 85.**

**Pre-emption rights to realty as violation of rule against
perpetuities or rule concerning restraints on alienation. 40
ALR3d 920.**

2. **Specific Performance § 2 (NCI3d) — offer to purchase
property — void right of first refusal exercised — earnest money
returned — specific performance not waived**

Plaintiff did not waive his right to specific performance
where he made an offer to purchase property and his tender
of earnest money was accepted; the third party defendant
exercised its right of first refusal; plaintiff accepted the return
of his earnest money; and the right of first refusal was held
to be in violation of the rule against perpetuities. Plaintiff
did everything in his power to keep the contract alive, making
it abundantly clear that he would remain ready to complete
the contract. On remand, the trial court should order the third
party to convey the property to plaintiff and plaintiff to pay
the purchase price to the third party.

**Am Jur 2d, Specific Performance §§ 97, 98.**

MIZELL v. GREENSBORO JAYCEES

[105 N.C. App. 284 (1992)]

3. **Vendor and Purchaser § 10 (NCI3d)— right of first refusal void — purchased with knowledge of lis pendens — carrying costs denied**

A third party defendant which purchased property pursuant to a void right of first refusal and which was ordered to convey the property to plaintiff was denied its claim for carrying costs because it admitted knowledge of the *lis pendens* filed by plaintiff.

**Am Jur 2d, Lis Pendens §§ 10, 11, 21, 40.**

APPEAL by plaintiff from a judgment entered 27 December 1990 by *Judge Samuel T. Currin* in GUILFORD County Superior Court. Heard in the Court of Appeals 4 December 1991.

*Carruthers & Roth, P.A., by Richard L. Vanore and Barbara L. Curry, for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Richard L. Pinto and Gregory A. Stakias, for defendant and third-party plaintiff.*

*Hugh C. Bennett, Jr. for third-party defendant Conex Partnership.*

LEWIS, Judge.

The facts are undisputed. On 1 October 1980, Southern Life Insurance Company conveyed land located at 332 South Greene Street (headquarters) in Greensboro, North Carolina to the defendants, the Jaycees and Junior Chamber of Commerce (Jaycees). The deed contained the following reservation of a right to Southern Life:

If at any time prior to *the 25th anniversary of this conveyance* to the Grantee [Jaycees], the Grantee should receive a bona fide written offer from a third party to purchase the property herein conveyed, which offer Grantee desires to accept, the grantee shall first give to Grantor, [Southern Life], or its successor in title [Conex] to the remaining property adjoining the property herein conveyed, thirty (30) days' written notice of such offer. . . .

(Emphasis added). Conex Partnership became the successor-in-interest to Southern Life's right of first refusal in the headquarters.

MIZELL v. GREENSBORO JAYCEES

[105 N.C. App. 284 (1992)]

On 13 February 1989, plaintiff, Kenneth Mizell, as a "third party" made an offer to purchase the headquarters for $220,000.00 subject to the right of first refusal in Conex. There is no evidence in the record or the briefs of Mr. Mizell or the Jaycees as to the exact words in this offer. However, Conex's brief excerpts the reference to the right of first refusal as follows: "This Contract is subject to the terms of that certain right of first refusal contained in the deed to Seller . . . which right of first refusal is now held by the adjacent property owner, Conex Partnership, as Successor-in-Title to Southern Life Insurance Company." The Jaycees entered into a written contract for the sale of the headquarters and accepted Mr. Mizell's tender of $10,000.00 earnest money.

Also on 13 February 1989, Conex received thirty days written notice of Mr. Mizell's offer. By letter dated 15 March 1989, Conex notified the Jaycees of its exercise of the right of first refusal and set 14 April as the closing date. Conex paid the Jaycees $10,000.00 in earnest money and executed a sales contract which provided the same terms and conditions as those contained in Mr. Mizell's contract. On 16 March 1989, the Jaycees notified Mr. Mizell that Conex had exercised its right of first refusal and returned his $10,000.00 earnest money deposit. Mr. Mizell notified the Jaycees that he would remain ready to purchase the headquarters if the deal with Conex was not consummated. The closing did not occur as scheduled. In exchange for the Jaycees' agreement to extend the closing date to 28 April 1989, Conex, by letter dated 14 April 1989, agreed to reimburse the Jaycees for their carrying costs. Closing was again delayed and did not occur until 30 May 1989.

On 26 May 1989, Mr. Mizell filed a breach of contract action against the Jaycees and requested specific performance. Mr. Mizell also filed notice of *lis pendens*. In oral argument before this Court, Conex admitted to knowledge of the *lis pendens* filing prior to closing. The Jaycees filed a third-party complaint against Conex. As the facts were not in dispute, all parties requested summary judgment. The trial court granted summary judgment in favor of Conex. Plaintiff appeals.

[1] Plaintiff's argument is two-fold; first, the right of first refusal retained by Southern Life violates the rule against perpetuities and is therefore void as a matter of law and second, Conex's right of first refusal expired when closing was not held within 30 days.

MIZELL v. GREENSBORO JAYCEES

[105 N.C. App. 284 (1992)]

As we rule in plaintiff's favor based upon his first argument, we do not address the second.

Sometimes called a "right of first refusal," "[a] preemptive right 'requires that, before the property conveyed may be sold to another party, it must first be offered to the conveyor. . . .' " *Smith v. Mitchell*, 301 N.C. 58, 61, 269 S.E.2d 608, 610 (1980) (citation omitted). "Preemptive provisions may be contained in leases, (citation omitted), in contracts, (citation omitted), or . . . in restrictive covenants contained in deeds or *recorded in chains of title.*" *Id.* at 61, 269 S.E.2d at 611 (emphasis added). To be valid, preemptive provisions must be reasonable as to both duration and as to price. *Id.* at 66, 269 S.E.2d at 613. In *Smith*, our Supreme Court limited the "duration of the right [of first refusal] to a period within the rule against perpetuities. . . ." *Id.* The time limitation in the rule against perpetuities, i.e., a life in being plus 21 years, is shortened to 21 years "in gross" when no life in being is to be considered. *Rodin v. Merritt*, 48 N.C. App. 64, 67, 268 S.E.2d 539, 541 (1980), *disc. rev. denied*, 301 N.C. 402, 274 S.E.2d 226 (1980). The *Smith* Court determined that a price is reasonable if it somehow links "the price to the fair market value of the land, or to the price the seller is willing to take from third parties." *Smith*, at 66, 269 S.E.2d at 613.

In *Coxe v. Wyatt*, 83 N.C. App. 131, 349 S.E.2d 75 (1986), *disc. rev. denied*, 319 N.C. 103, 353 S.E.2d 107 (1987), a vendor sold a tract of land (first tract) to purchaser and gave him a right of first refusal in a second tract. Vendor accepted an offer to purchase the second tract from defendant Wyatt which stated: "[t]his offer is subject to the right of first refusal, if effective, in favor of [purchaser] as found in Book. . . ." *Id.* at 132, 349 S.E.2d at 76. Vendor notified purchaser of Wyatt's offer and purchaser in turn notified vendor of its intent to exercise its right of first refusal to purchase the second tract.

Upon notification of purchaser's intent to exercise its right, Wyatt claimed that the right of first refusal was invalid and that vendor was contractually obligated to convey the property to Wyatt. When purchaser threatened suit, vendor filed a declaratory judgment action to determine the parties' legal rights in this property. Because purchaser's right of first refusal did not mention a time limit, the *Coxe* Court held that it violated the rule against perpetuities. Despite Wyatt's reference to the right of first refusal

MIZELL v. GREENSBORO JAYCEES

[105 N.C. App. 284 (1992)]

"if effective," the Court found this language "insignificant because that right [was] *void as a matter of law.*" *Coxe,* 83 N.C. App. at 134, 349 S.E.2d at 78. Vendor's acceptance of Wyatt's signed written offer "created a valid and enforceable contract." *Id.* Despite purchaser's claims to the contrary, the *Coxe* Court found that vendor's letter notifying purchaser of Wyatt's offer did not constitute an "unconditional offer" to purchase independent of its right of first refusal. *Id.*

The case at bar takes *Coxe* one step further in time: the property in question changed hands prior to an adjudication of the parties' rights. Upon acceptance of the offer and the earnest money deposit, the Jaycees entered into a written contract with Mr. Mizell to purchase the headquarters. Like *Coxe,* a binding contract was formed at this point. The Jaycees only rightful means to avoid this Contract was to transfer the headquarters to Conex pursuant to a valid right of first refusal. Transfer pursuant to an invalid right of first refusal would be a repudiation and as such, the Jaycees would be liable to Mr. Mizell. The right of first refusal here, as in *Coxe,* violates the rule against perpetuities because Southern Life's reservation of right for 25 years extends beyond 21 years in gross. As such, this reservation of right is void and the Jaycees' conveyance pursuant to this right is, therefore, a repudiation of the Contract with Mr. Mizell. As in *Coxe,* Mr. Mizell's offer's reference to the right of first refusal is insignificant, as the right was void as a matter of law. Hence, Mr. Mizell has the superior claim to purchase the headquarters.

[2] The singular difference between *Coxe* and the case at bar is that Mr. Mizell voluntarily accepted the return of his earnest money without first stating his claim that the right of first refusal was void. Our review of the *Coxe* briefs and record does not reveal any mention of a preclosing exchange of funds. This difference leaves the unanswered question: did the voluntary acceptance of the return of his earnest money deposit cause Mr. Mizell to waive his claim to assert an otherwise valid and binding contract with the Jaycees?

Earnest money is "[a] sum of money paid by a buyer at the time of entering a contract to indicate the intention and ability of the buyer to carry out the contract." Black's Law Dictionary 456 (5th ed. 1979). Our Supreme Court defined earnest money as "part payment of the purchase price of the property." *Davis v.*

*Martin,* 146 N.C. 281, 282, 59 S.E. 700 (1907). "It is a term taken from the civil law, and was more generally used in connection with the sales of personalty to 'bind the bargain.'" *Id.* Earnest money is not the consideration upon which the contract of sale is predicated. The only consideration necessary is the contract price. *Crotts v. Thomas,* 226 N.C. 385, 387, 38 S.E.2d 158, 160 (1946). Hence, the tender and acceptance of earnest money is neither the foundation nor an essential element of a contract to purchase land. Its tender is merely a tangible symbol of good faith.

Defendant argues that the converse of tender, the voluntary acceptance of the return of the earnest money, caused Mr. Mizell to waive his right to assert the contract. We disagree. Plaintiff asserts the contract and seeks specific performance. Specific performance is used to compel a party to meet his contractual obligations; it is not used to rewrite a contract or to create new contractual duties. 12 N.C. Index 3d, *Specific Performance* § 1 (1978); *See, McLean v. Keith,* 236 N.C. 59, 72 S.E.2d 44 (1952). In order to seek specific performance, plaintiff must show a valid contract and his offer to perform. *Peaseley v. Virginia Iron, Coal & Coke Co.,* 282 N.C. 585, 604, 194 S.E.2d 133, 146 (1973) (citations omitted). Plaintiff's offer to perform does not have to be shown where defendant refused to honor or repudiates the contract. *See, Peaseley v. Virginia Iron, Coal & Coke Co.,* 282 N.C. 585, 604, 194 S.E.2d 133, 146 (1973) (citation omitted).

Waiver of the right to seek specific performance of a contract requires: 1) abandonment of the contract, 2) acquiescence in breach of the contract, or 3) conduct inconsistent with specific performance. 81 C.J.S. *Specific Performance* § 25 (1977). The right to seek specific performance is waived for "[l]ong delay, accompanied by acts inconsistent with the purpose of seeking specific performance." 12 N.C. Index 3d, *Specific Performance* § 2 (1978); *Ritter v. Chandler,* 214 N.C. 703, 200 S.E. 398 (1939). "As long as plaintiff is able, ready, and willing to perform the conditions of the contract remaining to be performed, he will not be barred from relief by specific performance where his failure fully to perform is excused." 81 C.J.S. *Specific Performance* § 111 (1977).

Mr. Mizell did not waive his right to specific performance. We do not find that acceptance of the return of earnest money was conduct inconsistent with specific performance. Mr. Mizell did everything in his power to keep the contract alive. He made it

abundantly clear to the Jaycees that he would remain ready to complete the contract if the deal fell through with Conex. In oral arguments, all conceded that Mr. Mizell made known his intention to remain "able, ready, and willing to perform" the contract. Hence, Mr. Mizell is entitled to specific performance despite his accepting the return of his earnest money. It appears from the record that in doing so, Mr. Mizell acted in good faith, without delay, and thus the return of his earnest money did not waive his right to specific performance of the contract with the Jaycees.

We note that "[w]here the court orders specific performance of a contract to convey land which has been conveyed by the vendor to, and paid for by, a third person, the judgment should not declare the third person's deed void and direct payment of the purchase money to the vendor but should require a conveyance by the third person and entitle him to the purchase money." 12 N.C. Index 3d, *Specific Performance* § 1; *See, Lawing v. Jaynes*, 20 N.C. App. 528, 202 S.E.2d 334, (1974), *modified on other grounds*, 285 N.C. 418, 206 S.E.2d 162 (1974). On remand, the trial court should order Conex to convey the headquarters to Mr. Mizell in accord with *Lawing* and Mr. Mizell is ordered to pay the purchase price of $220,000.00 to Conex.

[3] Conex argues that it should be awarded its costs of carrying the property in question. "Where a third party buys from [vendor] with *actual* notice or knowledge of the suit, and its nature and purpose, and the specific property to be affected, he takes title burdened with the same obligations as his grantors." *Lawing*, at 538, 202 S.E.2d at 341. As Conex admitted to knowledge of the *lis pendens* filed by Mr. Mizell prior to closing on the headquarters, the claim for carrying costs is denied.

Reversed and remanded.

Judges WELLS and ORR concur.