E. T. HENNING et al. v. JACOB WARNER.

*Judgment, Conditional, Void—Tenants in Common—Sole Seizin—Possession, Adverse—Estoppel.*

1. Conditional, or alternative judgments, being void in civil as well as criminal actions, it was not error in the Court to ignore an order or judgment made at a previous term, directing that if no bond was filed before a date therein fixed, the action should be dismissed and allow the bond to be filed.

2. Upon the trial on an issue of sole seizin, it was in evidence that two of seven tenants in common had been in actual possession, receiving the rents and profits and exercising control over the land for more than twenty years; one of these tenants joined with the other five (who had not been in possession) in a special proceeding for partition in which they alleged they were equally and jointly seized; the other tenant in possession set up sole seizin: *Held*, (1). that whatever might have been the relation between the tenants who were in possession, as between themselves, it was error to instruct the jury that the possession of one could only be considered as tending to show that the possession of the other was not adverse to the remaining tenants; (2) although that tenant who had been in possession, but had joined in the proceeding for partition, was, thereby, estopped to set up any estate acquired by adverse possession, that fact in nowise would prejudice the right of the tenant pleading sole seizin to assert his title by reason of such possession; (3) the Court should have so framed the issues and instructed the jury as to ascertain the precise extent of the interest of each tenant.

This is a SPECIAL PROCEEDING in which the plaintiffs, claiming to be tenants in common with the defendant of a tract of land, prayed for a sale for the purpose of partition. On a plea of sole seizin it was transferred to the civil issue docket of the Superior Court of FORSYTH County, and tried at the February Term, 1891, before *Bynum, J.*

The land was known as lot number 8, which was assigned to Elizabeth, the widow of J. A. Henning, by consent, for her

life-time in lieu of dower. She died in 1844, when the seven
heirs at law, children of her marriage with J. A. Henning,
held the land as tenants in common. It is not necessary to
set forth the evidence in detail. William Henning continued
to live on the land till he died, about 1887, but conveyed it
to the defendant Warner by deed, dated November 15th,
1883.

Katie, a sister of William, lived with him on the land till
she died. Her daughter Bettie continued to live with Wil-
liam after the death of Katie, and on the death of Bettie,
Viney, her daughter and a grand-daughter of Katie, con-
tinued to live on the land till a year ago, or two years after
the death of William.

There was testimony tending to show that William Hen-
ning, during all of this period, received the rents and paid
the taxes. There was, also, testimony tending to show that
the rents were received by him and his sister Kate and
divided between them, and were later divided between him
and her daughter Bettie, and still later that he shared the
rents with the grand-daughter Viney. It was also in evi-
dence for the defendant that about two years before the
action was brought on the ____ day of _____, 1890, Viney,
who has now joined the other heirs at law as plaintiffs, asked
his permission to be allowed to stay on the land, and
remained, by his permission and on condition of good beha-
vior, till the fall preceding the trial. Only one issue was sub-
mitted which, with the response to it, was as follows: "Are
the plaintiffs tenants in common with the defendant in the
land set out in the petition? Yes."

At October Term, 1890, the following order was entered:
"It is ordered by the Court that if no bond is filed before
Tuesday of the next term of this Court, the case stands dis-
missed."

When the case was called for trial the defendant moved
to dismiss for non-compliance with this order His Honor,

exercising his discretion, allowed the plaintiffs to file a bond, and refused to dismiss.

For alleged error in instructions given to the jury, the defendant appealed.

*Mr. R. B. Kerner,* for plaintiff.
*Mr. C. Manly,* for defendant.

AVERY, J.—after stating the case, proceeded : " Alternative or conditional judgments at law are void in 'civil as well as in criminal cases." *Strickland* v. *Cox,* 102 N. C., 411; *In re Deaton,* 105 N. C., 59. The order made at October Term, 1890, that the action should stand dismissed, if no bond should be filed by defendant before Tuesday of the next term, was very properly disregarded by the Judge who presided subsequently and tried the issue involving the title of the defendant. It was not necessary to set aside the order or to formally declare it void. It was competent to treat it as a nullity by allowing the defendant then to file the bond to secure costs, in accordance with requirements of § 237 of *The Code.* Under the terms of that section the defendant is not permitted to plead, answer or demur, before executing and filing the prescribed undertaking. The effect of the order made by the Judge was to extend the time for filing answer and allow the bond to be deposited in the Court before treating the action as at issue. The purpose of the Legislature in passing the statute was to indemnify the plaintiff in such actions for costs, in case he should prevail. It was never intended that the requirements should be made an engine of oppression, and that a party having merit should, on technical grounds, forfeit his right to be heard when he is ready to secure costs, and when, in the opinion of the presiding Judge, it is proper to give further time to plead, in order to permit the filing of the bond.

The testimony would have possibly supported any one of three specific findings of fact, certainly either of two:

1. That William Henning, by his adverse possession for twenty years, had acquired title to the whole interest in the land in fee-simple, and had conveyed the whole to the defendant Warner.

2. That William Henning and his sister Katie, succeeded by her descendants, had been jointly in the perception of the profits for over twenty years, and had thereby acquired title as tenants in common, each to one undivided half, and that, consequently, only an undivided half passed by William's deed to Warner, the title to the other half being in Viney, and subject to the assertion of her right in it, until, by joining in the petition, she was estopped of record from denying that the other heirs at law were entitled to share equally with her, whatever interest she held.

3. That there was, in fact no adverse possession on the part of William or Katie and her daughter or grand-daughter, and consequently the undivided fee was still vested in the heirs at law of J. A. Henning, according to their several interests, as his descendants.

It is evident that the jury did not believe that William Henning had acquired the whole undivided fee, and consequently that the defendant Warner was sole seized. They have found that the plaintiffs and the defendant are tenants in common, and have, thereby, negatived the idea of sole seizin in him. If the Court submitted only the question whether Warner was sole seized (and we so understand its charge) it was error, because the instruction asked by the defendant certainly raised a question as to the effect of the occupancy of Katie and Viney, supposing that they were successively in the joint perception of the profits with William Henning for twenty years. Instead of presenting this question, the Court told the jury " that the possession of Viney Henning could only be taken as a circumstance tend-

ing to show that William Henning's possession was not adverse to that of plaintiffs." In giving this instruction there was error.

The two, William and Katie and her issue, occupied the land from 1844 till 1889, certainly, during which time no rents were received by others of the heirs of J. A. Henning. If they were jointly receiving the rents, the possession enured equally to the benefit of both, and at the end of twenty years, nothing more appearing than that they did so enjoy the profits, the law raised a presumption from the fact that the other heirs, not shown to be under disability, had failed to assert any dominion over the land, that they had conveyed their interest to those in possession, or abandoned all claim to it. *Avent* v. *Arrington,* 105 N. C., 377; Wood on Limitation, § 254; *Hopkins* v. *Calder,* 7 Caldwell (Tenn.), 37; *Rogers* v. *Mabe,* 4 Devereux, 180.

If the jury believed that Katie, and afterwards Viney, were on the land, not as the pensioners of William, but as the recipients successively of an equal share of the profits derived from it, the presumption would arise that in 1883, when William conveyed to the defendant Warner, he was the owner as tenant in common with Viney of only one undivided half, and conveyed to Warner only that interest. It was a question for the jury to determine, from the conflicting testimony, what were the relations of William and his sister and her daughter and grand-daughter as residents upon the land, but if the whole evidence, or the substance of it, is set forth in the statement of the case on appeal, it may be well to consider whether there was any evidence to go to the jury to rebut the presumption of absolute ownership in the recipient of the rents for over twenty years, as it was not questioned that they were paid either to William Henning or to him and his sister and her heirs. .

If the title to one undivided half interest vested in Viney, she could not divest her title by leasing from Warner. If

she went in as his tenant in 1889, she was estopped to deny, during her occupancy under the contract with him, that he was the owner, but she was at liberty to re-assert her title as against him after abandoning possession. While she could not directly divest herself of that interest, after acquiring it by possession, except by a conveyance of it or by her laches in allowing another to occupy it for the statutory period (*Avent* v. *Arrington*, *supra*), she might, by joining the other plaintiffs in a petition setting forth, as she has done, that she claims no interest except by inheritance through her mother from her grand-mother, estop herself from setting up her claim to the one undivided half, though it had vested in her by possession. The effect would be to give her co-plaintiffs equal benefit of her possession as to the one undivided half with herself, but the interest of William Henning, which he conveyed to Warner, would be in nowise enlarged by this pleading, but would, in that event, still remain one undivided half.

It will be the duty of the Court also, when the case shall be tried again, to require the jury to find more specifically the interests of the tenants in common. It will not be sufficient to find that they sustained that relation to each other. *Gilchrist* v. *Middleton*, 107 N. C., 684; *Allen* v. *Sallinger*, 103 N. C., 14; *Lenoir* v. *Mining Co.*, 106 N. C., 473. It is admitted that William Henning's interest, as an heir at law of J. A. Henning, passed by the deed to Warner, giving him one-seventh in any event, as we understand it. But if one undivided half vested in William, it passed by the deed. So that an opportunity ought to have been given by an additional issue to the jury to determine upon proper instructions whether one-seventh, one-half or the whole interest in the land passed by the deed to Warner.

There was error, for which a new trial must be awarded.

Error.