HAROLD P. LAING, Plaintiff v. G. C. LEWIS, Defendant

No. COA98-865

(Filed 4 May 1999)

**1. Real Estate— action for possession—surety bond**

The trial court did not err by denying plaintiff's motion for a default judgment based upon defendant's failure to file the surety bond required by N.C.G.S. § 1-111. The trial court conducted a hearing and determined that the action should proceed on its merit upon defendant filing an undertaking of $1,000; this was a proper exercise of the trial court's discretion.

**2. Statute of Frauds— order enforcing unsigned settlement— statute of frauds not properly raised**

Defendant could not raise the statute of frauds for the first time on appeal where a memorandum of settlement involving a breach of a lease was clearly an agreement for the conveyance of an interest in property and within the statute of frauds, but defendant admitted the existence and terms of the agreement and did not plead the statute as a defense to its enforcement. However, the trial court's order enforcing the agreement did not accurately reflect its terms and the order was remanded.

Appeal by plaintiff from judgment entered 13 May 1998 by Judge James D. Llewellyn in New Hanover County Superior Court. Heard in the Court of Appeals 17 March 1999.

*J. L. Rhinehart for plaintiff-appellant.*

*Stephen E. Culbreth for defendant-appellee.*

MARTIN, Judge.

Plaintiff filed this action alleging defendant's breach of a lease agreement by non-payment of rent; plaintiff sought a judgment for past-due rent and possession of real property located at 120 North College Road, Wilmington, N.C. Defendant filed an answer containing affirmative defenses and asserted a counterclaim alleging that plaintiff had obtained title to the property from defendant fraudulently; defendant sought to set aside two deeds by which plaintiff had obtained title thereto. Plaintiff moved to strike defendant's answer and counterclaim and for a default judgment on the ground that

defendant had failed to execute and file the undertaking required by G.S. § 1-111 for actions seeking recovery of possession of real property. Judge James E. Ragan, III, denied plaintiff's motion and ordered defendant to execute and file a defense bond in the amount of $1,000. Defendant complied with the order.

By agreement of the parties, the matter was submitted to non-binding mediation. A settlement was reached during the mediation conference, though neither a memorandum of the settlement nor a settlement agreement was prepared or signed at that time. A document, entitled "Memorandum of Settlement Agreement," was subsequently drafted by defendant's counsel and submitted to plaintiff's counsel for approval. The memorandum provided for settlement upon the following terms:

1. Plaintiff shall pay Defendant the sum of One Hundred Thousand ($100,000.00) Dollars, payable Fifty Thousand ($50,000.00) Dollars on or before July 11, 1997 and Fifty Thousand ($50,000.00) Dollars on or before December 27, 1997.

2. Upon receipt of the sums set forth in 1 above, Defendant shall quit claim (sic) his entire interest in the "Good Earth" and "McCloap" tracts of land on North College Road, Wilmington, North Carolina to Plaintiff.

3. Defendant shall vacate the "Good Earth tract on or before July 1, 1998; provided however that commencing on February 1, 1998 Defendant shall pay Plaintiff rent in the amount of Seven Hundred Fifty ($750.00) per month until he vacates.

4. Defendant shall vacate the "McCloap" tract upon sale thereof by Plaintiff or on or before July 1, 1998, whichever shall first occur.

5. Plaintiff shall cancel and mark paid in full and satisfied all Defendant's Promissory Notes, and in particular the one dated January 13, 1982, and shall cancel of record and mark paid in full and satisfied all Defendant's Deeds of Trust, and in particular the one recorded in Book 1197 at Page 10 and/or Book 1269 at Page 545.

6. The parties shall enter into a Stipulation of Dismissal with prejudice of all claims and counterclaims in New Hanover County Superior Court Case No. 95 CvS 3063, and Defendant shall be

entitled to a refund of the $1,000.00 cash bond posted by him herein.

7. Any and all claims which the parties may have against one another will be settled and discharged completely and the parties shall execute any and all documents necessary or required to accomplish that purpose and to carry into effect the provisions of this agreement.

Plaintiff and his counsel signed the memorandum agreement and returned it to defendant's counsel for execution by defendant. Defendant, however, declined to sign the memorandum agreement. Defendant's counsel withdrew from the matter.

Plaintiff filed a motion in the cause in which he requested the trial court to enter judgment in accordance with the terms of the memorandum of settlement. The trial court found facts as recited above and, based upon defendant's responses to requests for admissions served upon him by plaintiff, found defendant had admitted the existence of the settlement agreement. The trial court concluded "plaintiff is entitled to specific performance of the terms and conditions of the settlement agreement" and entered an order containing terms identical to the Memorandum of Settlement Agreement with the exception of paragraphs 1 and 3, which provided as follows:

1. That plaintiff shall pay to the defendant the sum of $100,000.00 payable as follows: The sum of $50,000.00 on or before the 27th day of May, 1998, and the sum of $50,000.00 on or before October 29, 1998.

3. That the defendant shall vacate the "Good Earth" tract on or before July 1, 1999, provided, however, that commencing on February 1, 1999, the defendant shall pay to the plaintiff rent in the amount of $750.00 per month until such time as the defendant vacates the premises.

Plaintiff appeals.

                                I.

[1] Plaintiff first assigns error to the denial of his motion to strike defendant's answer and counterclaim and for a default judgment. He contends defendant's failure to file the undertaking required by G.S. § 1-111 entitled him to a default judgment.

Plaintiff correctly asserts that G.S. § 1-111 requires, in actions for the recovery or possession of real property, that a defendant execute and file a surety bond of not less than $200 before pleading. The purpose of the statute is "to protect the plaintiff from damages he may suffer by reason of defendant's wrongful possession between the commencement of the action and the entry of final judgment." *Morris v. Wilkins*, 241 N.C. 507, 511, 85 S.E.2d 892, 895 (1955). However, in such actions, where a defendant answers without filing the necessary bond, judgment by default is irregular unless entered after notice and a hearing permitting defendant to show cause why judgment should not be entered. *See Rich v. Norfolk Southern Ry. Co.*, 244 N.C. 175, 92 S.E.2d 768 (1956).

In the present case, the trial court conducted a hearing and determined the action should proceed on its merit upon defendant's filing an undertaking in the amount of $1,000, and so ordered. The order was a proper exercise of the trial court's discretion. *See Henning v. Warner*, 109 N.C. 406, 14 S.E. 317 (1891) (statute not intended as "engine of oppression"; proper to permit extension of time to file bond); *Narron v. Union Camp Corp.*, 81 N.C. App. 263, 344 S.E.2d 64 (1986) (trial court has discretion to require a defendant to post more than the $200 minimum). Considering the purpose of G.S. § 1-111, we conclude plaintiff could not have been prejudiced by the court's order requiring defendant to file a bond well in excess of the statutory minimum. This assignment of error is overruled.

## II.

[2] Plaintiff next assigns error to the trial court's order specifically enforcing the terms of the memorandum of settlement. Plaintiff argues that the trial court's order is materially different from the parties' settlement agreement and requests that we vacate the order and remand for entry of an order in conformity with the original memorandum of settlement. Defendant argues that the trial court had no authority to order specific performance because there was no written contract signed by him and, therefore, enforcement of the agreement is prohibited by G.S. § 22-2, the statute of frauds.

It is well established in North Carolina that an agreement to convey an interest in land must satisfy all requirements of the statute of frauds, specifically, that the agreement must be in writing and signed by the party to be charged therewith. N.C. Gen. Stat. § 22-2; *River Birch Assoc. v. City of Raleigh*, 326 N.C. 100, 388 S.E.2d 538 (1990).

However, it is also well-established that there are three ways in which a party may avail himself of a statute of frauds defense:

> (1) The contract may be admitted and the statute pleaded as a bar to its enforcement; (2) the contract, as alleged, may be denied and the statute pleaded, and in such case if it "develops on the trial that the contract is in parol, it must be declared invalid"; or (3) the party to be charged may enter a general denial without pleading the statute, and on the trial object to the admission of parol testimony to prove the contract.

*Weant v. McCanless,* 235 N.C. 384, 386, 70 S.E.2d 196, 198 (1952) (citations omitted); *see also Jamerson v. Logan,* 228 N.C. 540, 46 S.E.2d 561 (1948).

The memorandum of settlement in this case is clearly an agreement for the conveyance of an interest in property, and is within the statute of frauds. However, defendant admitted the existence and terms of the memorandum agreement and did not plead the statute as a defense to its enforcement, thereby precluding him from the benefit of the statute. *See Weant, supra.* Since defendant did not plead the statute of frauds in the trial court, he may not raise it for the first time on appeal. *See Allison v. Steele,* 220 N.C. 318, 17 S.E.2d 339 (1941).

In *Few v. Hammack Enter., Inc.,* 132 N.C. App. 291, 511 S.E.2d 665 (1999) this Court held that parties to a mediated settlement conference may enter into a binding oral agreement to settle a case, and their failure to reduce the agreement to a signed writing does not automatically preclude the finding of a binding agreement. As in *Hammack,* the record before us reflects that the parties orally entered into a valid mediated settlement agreement, the terms of which are not in dispute, and defendant's failure to sign the agreement does not preclude its enforcement where defendant failed to properly avail himself of the statute of frauds. However, the trial court's order enforcing the agreement does not accurately reflect the terms to which the parties agreed, and the court was without authority to alter those terms. " 'In rendering a decree of specific performance, the court has no power to decree performance in any other manner than according to the agreement of the parties.' " *Lawing v. Jaynes,* 20 N.C. App. 528, 538, 202 S.E.2d 334, 341, *modified on other grounds,* 285 N.C. 418, 206 S.E.2d 162 (1974) (quoting 71 AmJur. 2d § 211). Therefore, we must vacate the order and remand this case for entry of judgment in accordance with the terms agreed upon by the parties and set forth in the memorandum of settlement.

Vacated and remanded.

Judges TIMMONS-GOODSON and HUNTER concur.