HAROLD P. LAING, Plaintiff v. G. C. LEWIS, Defendant

No. COA00-269

(Filed 20 February 2001)

**Compromise and Settlement— breach of lease—alteration of terms of settlement agreement**

> The trial court erred by altering the terms of a settlement agreement reached by the parties involving a breach of lease during a mediated settlement conference on 27 June 1997 because: (1) the agreement constituted a valid and binding oral agreement as of that date; and (2) the court was without authority to alter those terms.

Appeal by Plaintiff from order entered 3 November 1999 by Judge James C. Davis in New Hanover County Superior Court. Heard in the Court of Appeals 22 January 2001.

*J.L. Rhinehart for plaintiff-appellant.*

*Stephen E. Culbreth for defendant-appellee.*

HUDSON, Judge.

The background in the instant case is substantially set forth in this Court's earlier opinion in the matter. *See Laing v. Lewis*, 133 N.C. App. 172, 515 S.E.2d 40 (1999). To briefly reiterate, plaintiff filed a complaint alleging defendant's breach of a lease agreement by non-payment of rent, and seeking a judgment for past-due rent and possession of certain real property. Settlement was reached by the parties during a non-binding mediation conference. Following the conference, defendant's counsel drafted a document entitled "Memorandum of Settlement Agreement" and submitted the memorandum to plaintiff's counsel for approval. Plaintiff and his counsel signed the memorandum and returned it to defendant's counsel, but defendant refused to sign. Upon a motion by plaintiff, the trial court entered an order to enforce the agreement, containing terms identical to the memorandum of settlement with the exception of two paragraphs. In these two paragraphs, the trial court altered three specific deadlines for performance of the agreement, setting the deadlines at future dates rather than the dates appearing in the original memorandum. Plaintiff appealed from this order, arguing that the terms were materially different from the terms in the original settlement

agreement. This Court agreed with plaintiff, and we vacated the order and remanded the case "for entry of judgment in accordance with the terms agreed upon by the parties and set forth in the memorandum of settlement." *Id.* at 176, 515 S.E.2d at 43.

Following our decision, plaintiff filed a motion requesting the trial court to enter an order of specific performance in accordance with the memorandum of settlement. Apparently, at a hearing held on 6 July 1999, the trial court instructed the parties to draw an order. However, the parties were unable to agree upon the terms of the order, and an additional hearing was held on 1 November 1999. At this hearing, the trial court heard testimony regarding various issues, including the fair market rental value of the real property in question. On 3 November 1999, the trial court entered an order with terms identical to the memorandum of settlement, with two exceptions: (1) plaintiff was awarded $1,000 per month in unpaid rent for the months of July, 1998 through October, 1999, and $2,000 per month for the months of November, 1999 through January, 2000, rather than $750 per month as set forth in the memorandum of settlement; and (2) defendant was given a deadline of 31 January 2000 to vacate the property, rather than the 1 July 1998 deadline set forth in the memorandum of settlement.

There appears to have been a misunderstanding of our earlier holding. In that opinion, we explained that "the record before us reflects that the parties orally entered into a valid mediated settlement agreement, the terms of which are not in dispute, and defendant's failure to sign the agreement does not preclude its enforcement where defendant failed to properly avail himself of the statute of frauds." *Id.* In other words, we held that the agreement reached by the parties during the mediated settlement conference on 27 June 1997 constituted a valid and binding oral agreement as of that date, and we instructed the trial court to enter an order to embody and enforce that agreement. We further held that the trial court erred in entering an order that altered the terms to which the parties had agreed because "the court was without authority to alter those terms." *Id.*

Because the trial court's most recent order again alters the terms of the original agreement, we must again vacate that order and remand for entry of an order enforcing the agreement in accordance with the terms set forth in the "Memorandum of Settlement Agreement." The trial court is instructed not to consider any additional evidence or testimony prior to entering this order, and is fur-

ther instructed not to alter the terms of the original agreement in any way. We also believe it would be prudent for the trial court to draft the order itself, rather than requesting that the parties draft the order, since the parties have manifested a reluctance to comply with such a request.

We recognize that this order will contain provisions declaring that the parties shall undertake certain acts by dates which are now long since past (such as the provision that defendant shall vacate the real property "on or before July 1, 1998"). It is precisely our intention to hold that, as a matter of law, the terms of the original agreement have been binding upon the parties since the agreement was reached on 27 June 1997. Any alleged failure by either party to comply with these terms, as well as any additional issues or related disputes that have arisen since 27 June 1997, may not be considered by the trial court in entering its order enforcing the settlement agreement. Such matters must be addressed separately and only after the trial court has entered an order enforcing the terms of the original agreement.

The order of the trial court is vacated and the case is remanded so that the trial court may enter an order enforcing the settlement agreement reached by the parties precisely as that agreement appears in the "Memorandum of Settlement Agreement."

Vacated and remanded.

Chief Judge EAGLES and Judge SMITH concur.