ANGELA M. KNIEP AND DARYL R. KNIEP, PLAINTIFFS v. HUFF T. TEMPLETON,
DEFENDANT

No. COA06-967

(Filed 4 September 2007)

### 1. Appeal and Error— preservation of issues—appeal from summary judgment—failure to comply with appellate rule 10—motion to dismiss

The trial court did not err in a breach of contract case by denying plaintiffs' motion to dismiss defendant's appeal even though plaintiffs contend that defendant's first and second assignments of error are overly broad and vague in violation of N.C. R. App. P. 10(c)(1), because: (1) in reviewing a trial court's grant of summary judgment, the purpose of the Rule 10 requirements is no longer applicable since exceptions and assignments of error add nothing; (2) defendant's appeal from a summary judgment order is not subject to dismissal even though his second assignment of error does not comport with the requirements of Rule 10; and (3) defendant's first assignment of error has been abandoned under N.C. R. App. P. 28(b)(6) since defendant did not contest the propriety of the trial court's entry of default judgment in his brief.

### 2. Appeal and Error— preservation of issues—assigning error to both summary judgment and default judgment not necessary—motion to dismiss

The trial court did not err in a breach of contract case by denying plaintiffs' motion to dismiss defendant's appeal even though plaintiffs contend that defendant's third assignment of error only addresses the trial court's entry of summary judgment and fails to address the entry of default judgment, because it was not necessary to assign error to both.

### 3. Appeal and Error— preservation of issues—arguments in brief exceeding issues raised by assignments of error—motion to dismiss

The trial court did not err in a breach of contract case by denying plaintiffs' motion to dismiss defendant's appeal even though plaintiffs contend the arguments in appellant's brief exceed the issues raised by defendant's assignments of error, because although a plain reading of the third assignment of error demonstrated that defendant preserved an argument regarding

the procedural timing of the summary judgment order but failed to preserve a substantive argument regarding the basis for the trial court's order, defendant's second assignment of error preserved his substantive argument as to the trial court's decision to enter summary judgment in plaintiffs' favor.

**4. Appeal and Error— preservation of issues—failure to cite to specific paragraph of judgment—vagueness—not confined to single legal issue—motion to dismiss**

The trial court did not err in a breach of contract case by denying plaintiffs' motion to dismiss defendant's appeal even though plaintiffs contend defendant's fourth assignment of error violated the North Carolina Rules of Appellate Procedure when it failed to cite to the specific paragraph of the judgment which is raised as error, refered vaguely to what would be required under North Carolina law, and was not confined to a single legal issue, because the assignment of error sufficiently directed the Court's attention to the particular error as required by N.C. R. App. P. 10(c)(1).

**5. Judgments— default judgment—failure to answer requests for admissions—summary judgment**

The trial court did not err in a breach of contract case by entering summary judgment against defendant based on defendant's failure to answer requests for admissions when default had already been entered prior to the deadline of defendant's responses, because: (1) the entry of default did not preclude defendant from responding to plaintiffs' requests for admissions since defendant was free to contest the sufficiency of plaintiffs' complaint to state a claim for recovery; (2) by not responding to the requests, defendant admitted the matters requested and from these admissions defendant established the elements of plaintiffs' breach of contract claim; and (3) the admissions were not withdrawn or amended.

**6. Civil Procedure— default judgment—summary judgment—simultaneous entry**

The trial court did not err in a breach of contract case by simultaneously entering both default judgment and summary judgment, because: (1) defendant was not forestalled from seeking relief from the trial court; (2) defendant's good cause argument is misplaced when he never made a N.C.G.S. § 1A-1, Rule 55(d) motion to have the entry of default set aside, and thereafter

defendant could only have sought relief from the trial court under Rule 60(b); and (3) defendant's burden would be the same regardless of which judgment he moved to set aside.

### 7. Specific Performance— scope—breach of contract

The trial court did not err in a breach of contract case by ordering specific performance in a form that allegedly exceeded the actual terms of the contract, because: (1) the judgment does not require defendant to convey title of the subject property prior to receipt of payment, but instead the trial court ordered defendant to deliver a general warranty deed to plaintiffs' attorney to ensure that the closing would occur; (2) the actual transfer of title and funds will occur at the closing; and (3) the trial court's judgment requiring defendant to deliver clear title did not alter the terms of the agreement since "clear title" and "marketable title" are synonymous terms both referring to a title that is free from major defect such as a judgment or lien and can be freely conveyed to a reasonable buyer.

Appeal by Defendant from judgment entered 9 March 2006 by Judge Gary Locklear in Brunswick County Superior Court. Heard in the Court of Appeals 22 February 2007.

*The McGee Law Firm, PLLC, by Sam McGee, for Plaintiffs-Appellees.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by Eric M. Braun and Ann M. Anderson, for Defendant-Appellant.*

STEPHENS, Judge.

On 28 November 2005, Plaintiffs filed a complaint in Brunswick County Superior Court alleging that "[o]n or about February 12, 2005, Plaintiffs and Defendant entered into a valid contract for the sale of a parcel of real property" located on Oak Island. Plaintiffs further alleged that although a closing date had been established, "Defendant did not attend the closing as scheduled, but instead refused to close." Plaintiffs claimed they were "ready, willing and able to close" pursuant to said contract on the closing date. Plaintiffs further alleged that by failing to appear for the closing, Defendant breached the contract, thus entitling Plaintiffs to specific performance and monetary damages. Along with the complaint, Plaintiffs served requests for admissions. On 9 December 2005, Defendant acknowledged receipt of the documents.

**KNIEP v. TEMPLETON**

[185 N.C. App. 622 (2007)]

On 11 January 2006, after Defendant failed to file a responsive pleading, Plaintiffs moved for entry of default and default judgment. That same date, pursuant to Rule 55 of the North Carolina Rules of Civil Procedure, default was entered against Defendant. On 14 February 2006, pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, Plaintiffs moved for summary judgment, alleging that "Defendant . . . failed to respond to . . . Requests for Admissions, and the time period for filing of said pleadings has expired." Plaintiffs also alleged that because of Defendant's failure to reply to the requests for admissions, "[t]he matters requested to be admitted . . . are now con-. clusively admitted pursuant to Rule 36 of the North Carolina Rules of Civil Procedure."

On 27 February 2006, the matter was heard before the Honorable Gary Locklear in Brunswick County Superior Court. By order filed 9 March 2006, Judge Locklear entered default judgment and summary judgment in favor of Plaintiffs on their claim for specific performance. Judge Locklear ordered Defendant

to deliver to Plaintiffs['] counsel a duly executed General Warranty Deed conveying [the] property to the Plaintiffs, an executed IRS Form 1099, an executed lien waiver affidavit satisfactory to the title insurance company of Plaintiffs' choosing, and any and all other documents and/or things necessary to deliver clear and marketable title to Plaintiffs to the property in question. Defendant shall deliver said executed documents to Plaintiffs' counsel within thirty (30) days of the date of this Judgment, and closing shall occur within ninety (90) days of the date of this Judgment.

From Judge Locklear's order, Defendant appeals. We affirm the judgment of the trial court.

As a threshold matter, we address Plaintiffs' motion to dismiss Defendant's appeal. For the reasons which follow, this motion is denied.

**[1]** Plaintiffs first contend that Defendant's first and second assignments of error are overly broad and vague, and therefore, in violation of N.C. R. App. P. 10(c)(1). The assignments of error in question state:

1. The trial court's grant of default judgment to Plaintiff[s] by its Judgment of March 9, 2006 was in violation of the North Carolina Rules of Civil Procedure and was arbitrary and capricious and an abuse of discretion.

2. The trial court's grant of summary judgment to Plaintiff[s] by its Judgment of March 9, 2006 was in violation of the North Carolina Rules of Civil Procedure and was arbitrary and capricious and an abuse of discretion.

Assignments of error "shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1). A primary purpose of Rule 10 is to "identify for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position." *Rogers v. Colpitts*, 129 N.C. App. 421, 422, 499 S.E.2d 789, 790 (1998) (quotation marks and citation omitted). Furthermore, Rule 10 is intended to relieve some of the burden on the judiciary by allowing appellate courts to determine the legal questions involved in the case "fairly and expeditiously[,]" without having to make a "voyage of discovery" through the record. *Id.* In reviewing a trial court's grant of summary judgment, however, the purpose of the Rule 10 requirements is no longer applicable. Addressing this point, our Supreme Court has held:

On appeal, review of summary judgment is necessarily limited to whether the trial court's conclusions as to these questions of law were correct ones. It would appear, then, that notice of appeal adequately apprises the opposing party and the appellate court of the limited issues to be reviewed. *Exceptions and assignments of error add nothing.*

*Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987) (emphasis added); *see also Nelson v. Hartford Underwriters Ins. Co.*, 177 N.C. App. 595, 603, 630 S.E.2d 221, 227 (2006) ("This Court is required to follow the decisions of our Supreme Court . . . . Accordingly, we follow *Ellis*[.]"); *but see Shook v. County of Buncombe*, 125 N.C. App. 284, 285, 480 S.E.2d 706, 707 (1997) ("In our view, *Ellis* is no longer the law."). We conclude that because Defendant is appealing from a summary judgment order, his second assignment of error is sufficient, and thus, his appeal is not subject to dismissal, under *Ellis* and *Nelson*, on grounds that his second assignment of error did not comport with the requirements of Rule 10.

With regard to Defendant's first assignment of error, we note that Defendant does not contest the propriety of the trial court's entry of default judgment in his brief to this Court. Therefore, Defendant's first assignment of error has been abandoned. *See* N.C. R. App. P.

28(b)(6) ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.").

**[2]** Plaintiffs next argue that Defendant's appeal is moot because his third assignment of error addresses only the trial court's entry of summary judgment and fails to address the entry of default judgment. We disagree. This portion of Plaintiffs' motion to dismiss fails to comprehend the nature of Defendant's argument. Defendant argues that the allegedly improper entry of summary judgment precluded him from seeking certain procedural remedies before the trial court and thus forced him to immediately seek redress in the appellate division. Under Defendant's argument, if we agreed with his position we would reverse the trial court's entry of summary judgment and remand the case to the trial court, where Defendant could seek trial level remedies to set aside the default judgment. Therefore, it was not necessary for Defendant to assign error both to the trial court's entry of summary judgment and default judgment. Accordingly, Plaintiffs' argument is without merit.

**[3]** Plaintiffs next contend that "the arguments in Appellant's Brief exceed the issues raised by" Defendant's assignments of error. Specifically, Plaintiffs allege that Defendant's argument regarding the basis upon which the trial court relied to enter summary judgment was not preserved by Defendant's third assignment of error. Furthermore, Plaintiffs contend that although Defendant's second assignment of error may preserve the argument, that assignment of error is overly broad and vague. We disagree.

Defendant's second and third assignments of error state:

2. The trial court's grant of summary judgment to Plaintiff[s] by its Judgment of March 9, 2006 was in violation of the North Carolina Rules of Civil Procedure and was arbitrary and capricious and an abuse of discretion.

3. The trial court erred in entering both a default judgment and a summary judgment in the same matter, as the procedural posture of this matter was not suitable for both types of judgments, and the improper rendering of summary judgment removed a trial-court-level procedural remedy otherwise available to Defendant, instead forcing him to pursue an appeal.

A plain reading of the third assignment of error demonstrates that Defendant preserved an argument regarding the procedural timing

of the summary judgment order, but failed to preserve a substantive argument regarding the basis for Judge Locklear's order. *See* N.C. R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal . . . ."). However, for the reasons discussed *supra*, Defendant's second assignment of error preserves his substantive argument as to Judge Locklear's decision to enter summary judgment in favor of Plaintiffs. Plaintiffs' contention is thus without merit and is overruled.

[4] By their final argument in their motion to dismiss, Plaintiffs contend that Defendant's fourth assignment of error violates the North Carolina Rules of Appellate Procedure because "it fails to cite to the specific paragraph of the Judgment which is raised as error, refers vaguely to 'what would be required under North Carolina law,' and is not confined to a single legal issue."

Defendant's fourth assignment of error states:

4. The trial court's Judgment of March 9, 2006 ordering Defendant to convey real property well in advance of receiving payment for same was in error as it exceeded the express terms of the contract Plaintiff[s] [were] seeking to enforce and exceeded what would be required of Defendant under North Carolina law.

This assignment of error sufficiently directs our attention "to the particular error about which the question is made" and therefore complies with our appellate rules. N.C. R. App. P. 10(c)(1). Accordingly, Plaintiffs' motion to dismiss Defendant's fourth assignment of error is denied.

In sum, because all of Plaintiffs' arguments to dismiss Defendant's appeal lack merit, the motion is denied. For the reasons stated, we address Defendant's second, third, and fourth assignments of error.

---

[5] By his second assignment of error, Defendant contends the trial court erred in entering summary judgment against him. Specifically, Defendant asserts that it was improper for the trial court to base "a summary judgment ruling on Defendant's failure to answer requests for admission when default had already been entered prior to the deadline for his responses[,]" and thus, he was prohibited from defending the merits of his case. We disagree.

An entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed" to file a responsive pleading. N.C. Gen. Stat. § 1A-1, Rule 55(a) (2005). "The effect of an entry of default is that the defendant against whom entry of default is made is deemed to have admitted the allegations in plaintiff's complaint . . . ." *Spartan Leasing, Inc. v. Pollard*, 101 N.C. App. 450, 460, 400 S.E.2d 476, 482 (1991) (citations omitted).

> When an entry of default is made *and the allegations of the complaint are sufficient to state a claim,* "the defendant has no further standing to contest the merits of plaintiff's right to recover. His only recourse is to show good cause for setting aside the default and, failing that, to contest the amount of the recovery."

*Hartwell v. Mahan*, 153 N.C. App. 788, 790-91, 571 S.E.2d 252, 253 (2002) (emphasis added) (quoting *Spartan Leasing, Inc.*, 101 N.C. App. at 460, 400 S.E.2d at 482 (citation omitted)), *disc. review denied*, 356 N.C. 671, 577 S.E.2d 118 (2003). Since the entry of default only admits the allegations in a plaintiff's complaint but does not admit the sufficiency of those allegations to state a cause of action, it is proper for a defendant to serve responsive pleadings to protect his or her interests.

With regard to requests for admissions, the North Carolina Rules of Civil Procedure provide that when a request for admissions is made,

> [t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]

N.C. Gen. Stat. § 1A-1, Rule 36(a) (2005). Moreover, "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C. Gen. Stat. § 1A-1, Rule 36(b) (2005). "Facts that are admitted under Rule 36(b) are sufficient to support a grant of summary judgment." *Goins v. Puleo*, 350 N.C. 277, 280, 512 S.E.2d 748, 750 (1999) (citation omitted).

In this case, the entry of default did not preclude Defendant from responding to Plaintiffs' requests for admissions because Defendant was free to contest the sufficiency of Plaintiffs' complaint to state a claim for recovery. *See Hartwell, supra.* However, by not responding

to the requests, Defendant admitted the matters requested, including, *inter alia*, that (1) there was a valid contract for the sale of the property that is the subject of this litigation, (2) Plaintiffs were ready, willing, and able to close on the agreed upon date or within a reasonable time thereafter, and (3) Defendant failed to appear for the scheduled closing or to sign the documents necessary for the closing to be completed, as required by the contract. From these admissions, Plaintiffs established the elements of their breach of contract claim against Defendant. *See Lake Mary Ltd. P'ship v. Johnston*, 145 N.C. App. 525, 536, 551 S.E.2d 546, 554 (quotation marks and citation omitted) (recognizing that "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract"), *disc. review denied*, 354 N.C. 363, 557 S.E.2d 538 (2001). Furthermore, since the admissions were not withdrawn or amended, summary judgment in favor of Plaintiffs was properly entered by the trial court. *See Goins, supra*. Accordingly, this argument is overruled.

---

**[6]** By his third assignment of error, Defendant contends that the trial court committed reversible error because the "posture of the case was not appropriate for the granting of a summary judgment motion, and the court's entry of both [default judgment and summary judgment] simultaneously . . . is an error of law that deprived Defendant of his right . . . to move to have the default judgment set aside for good cause." We disagree.

An entry of default may be set aside "[f]or good cause shown[.]" N.C. Gen. Stat. § 1A-1, Rule 55(d) (2005). However, "if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." *Id.* Pursuant to Rule 60(b):

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2005).

On 11 January 2006, Plaintiffs obtained an entry of default against Defendant for failure to file an answer to the complaint. Defendant never made a Rule 55(d) motion to have the entry of default set aside, and on 9 March 2006, Judge Locklear entered default judgment and summary judgment against Defendant. After entry of these judgments, Defendant could only have sought relief from the trial court pursuant to Rule 60(b). Accordingly, it is clear that Defendant's "good cause" argument is misplaced. Additionally, Defendant's burden would be the same regardless of which judgment he moved to set aside. Therefore, the trial court's simultaneous entry of default judgment and summary judgment did not forestall Defendant from seeking relief from the trial court. Defendant's argument is overruled.

[7] By his fourth and final assignment of error, Defendant contends that the trial court erred by ordering specific performance "in a form that exceeded the actual terms of the contract." We do not agree.

"Judgments must be interpreted like other written documents, not by focusing on isolated parts, but as a whole. The interpreting court must take into account the pleadings, issues, the facts of the case, and other relevant circumstances." *Reavis v. Reavis*, 82 N.C. App. 77, 80, 345 S.E.2d 460, 462 (1986) (internal citations omitted). "[W]here a judicial ruling is susceptible of two interpretations, the court will adopt the one which makes it harmonize with the law properly applicable to the case." *Alexander v. Brown*, 236 N.C. 212, 215, 72 S.E.2d 522, 524 (1952) (citations omitted).

"The remedy of specific performance is an equitable remedy of ancient origin. Its sole function is to compel a party to do precisely what he ought to have done without being coerced by the court." *McLean v. Keith*, 236 N.C. 59, 71, 72 S.E.2d 44, 53 (1952) (citation omitted). However, specific performance "is not used to rewrite a contract or to create new contractual duties." *Mizell v. Greensboro*

*Jaycees-Greensboro Junior Chamber of Commerce, Inc.*, 105 N.C. App. 284, 289, 412 S.E.2d 904, 908 (1992). Therefore, it is reversible error if the "trial court's order enforcing the agreement does not accurately reflect the terms to which the parties agreed[.]" *Laing v. Lewis*, 133 N.C. App. 172, 176, 515 S.E.2d 40, 43 (1999).

Defendant argues that the trial court altered the terms of the parties' contract to require Defendant to convey his land to Plaintiffs before Plaintiffs are required to pay him for it. Specifically, Defendant contends that Judge Locklear's order "requires Defendant essentially to convey title on one date, and then to wait another sixty days for closing . . . [although] the actual contract calls for the conveyance of the deed 'at closing', not before." We find Defendant's argument without merit.

The contract between the parties requires the property to be conveyed by "General Warranty Deed[.]" To meet this requirement, the judgment requires Defendant to "deliver [a duly executed General Warranty Deed] to Plaintiffs' counsel within thirty (30) days of the date of this Judgment, [with] closing [to] occur within ninety (90) days of the date of this Judgment." It is clear that the judgment does not require Defendant to *convey* title of the subject property prior to receipt of payment; rather, Judge Locklear ordered Defendant to *deliver* a General Warranty Deed to Plaintiffs' attorney to ensure that the closing would occur. The actual transfer of title and funds will occur at the closing. Therefore, Judge Locklear did not order specific performance outside the terms of the contract entered by the parties.

Defendant also argues that the trial court erred by requiring Defendant to convey to Plaintiffs "clear and marketable title" to his property when the contract calls for the conveyance of "marketable and insurable title[.]" In particular, Defendant contends that rather "than requiring 'clear' title, the . . . contract provides for the existence of such encumbrances as ad valorem taxes, utility easements, certain restrictive covenants, and 'such other encumbrances as may be assumed or specifically approved by Buyer.' " Again, we disagree.

*Black's Law Dictionary* defines clear title as "**1.** A title free from any encumbrances, burdens, or other limitations. **2.** See *marketable title.*—Also termed *good title.*" *Black's Law Dictionary* 1522 (8th ed. 2004). Furthermore, *Black's* indicates that the term "See" is used to "refer to closely related terms" or "to a synonymous subentry[,]" and that "[t]he phrase *also termed* at the end of an entry signals a syn-

onymous word or phrase." *Id.* at xxi-xxii. Therefore, it is instructive to examine the definitions of "marketable title" and "good title."

Marketable title is "[a] title that a reasonable buyer would accept because it appears to lack any defect and to cover the entire property that the seller has purported to sell. . . .—Also termed *good title; merchantable title; clear title.*" *Id.* at 1523. "A 'marketable title' is one free from reasonable doubt in law or fact as to its validity." *Pack v. Newman*, 232 N.C. 397, 400, 61 S.E.2d 90, 92 (1950) (citation omitted). Good title is defined as "**1.** A title that is legally valid or effective. **2.** See *clear title* (1). **3.** See *marketable title.*" *Black's* at 1523.

We conclude that "clear title" and "marketable title" are synonymous. Both terms refer to a title that is free from major defect, such as a judgment or lien, and can be freely conveyed to a reasonable buyer. Furthermore, Defendant makes no showing, and the record fails to demonstrate, that the subject property is somehow encumbered. Therefore, the trial court's judgment that required Defendant to deliver "clear title" to Plaintiffs did not alter the terms of the agreement, and thus, was not error. Accordingly, this argument is overruled.

For the reasons stated, Plaintiffs' motion to dismiss Defendant's appeal is denied and the judgment of the trial court is affirmed.

AFFIRMED.

Judges McGEE and CALABRIA concur.