VICKIE KLUTTZ (Formerly WALKER) Plaintiff,
v.
NEXT SAFETY, INC. Defendant.
No. COA09-153.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Bruce L. Kaplan, for plaintiff-appellee.
Simpson Kuehnert Vinay & Jones, P.A., by Louis E. Vinay Jr., for defendant-appellant.
WYNN, Judge.
Facts admitted as a result of a party's failure to respond to a properly served, written request for admissions are sufficient to support a trial court's grant of summary judgment.[1] Here, Defendant Next Safety, Inc. appeals from summary judgment granted for Plaintiff Vickie Kluttz arguing that there were genuine issues regarding the existence of a valid employment contract between the parties. Because Next Safety's admissions establish the breach of a valid contract between the parties, we affirm.
On 19 November 2007, Kluttz filed a complaint for breach of contract, violation of the N.C. Wage and Hour Act, and breach of implied covenant of good faith and fair dealing. Kluttz alleged that Next Safety hired her as an administrative assistant on or about January, 2007; she received a promotion to the position of Director of Human Resources in May; she received a raise to $90,000 per year in July; and on 20 August 2007, Next Safety terminated her employment. Additionally, Kluttz alleged that:
6. On April 9, 2007, Defendant Next Safety, Inc. executed an agreement with the Plaintiff and her coworker, Christy Cheek. The agreement states in relevant part:
". . . Next Safety, with this memorandum [is] changing your employment agreements to include a term of 10 years of employment at your current salary plus a minimum annual increase . . . If the Company defaults on this commitment or changes (lowers) your position or responsibility then the Company agrees to pay you $300,000.00 within 48 hours of such occurrence." See "Exhibit A" attached hereto and incorporated herein by reference.
7. That the corporate logo for Next Safety, Inc. appears at the top of the memorandum.
8. That C. Eric Hunter's signature as Chairman and CEO appears at the bottom of the memorandum.
On 29 January 2008, Next Safety filed an answer, denying Kluttz's allegations and raising the affirmative defenses of lack of consideration, breach of contract by Kluttz, and waiver by misconduct. On 28 May 2008, Kluttz served requests for admissions on Next Safety pursuant to Rule 36 of the N.C. Rules of Civil Procedure. N.C. Gen. Stat. §1A-1, Rule 36 (2007). Next Safety made no response.
On 31 July 2008, Kluttz filed a motion for summary judgment on her breach of contract claim stating, "Defendant's admissions numbers 1-16 establish a valid contract that has been breached by the defendant and the contract provides for specific monetary remedy for the breach of the contract." On 6 August 2008, Next Safety also filed a motion for summary judgment. At the 18 August 2008 hearing on both motions, Next Safety made an oral motion to withdraw the admissions, which was denied in a written order entered 4 September 2008. In separate orders, the trial court then denied Next Safety's motion for summary judgment and granted Kluttz's motion.
Next Safety appeals, arguing that the trial court erred by granting summary judgment in favor of Kluttz on her breach of contract claim because Next Safety presented genuine issues of material fact regarding whether there was a valid contract of employment under which Kluttz would be entitled to $300,000 if terminated.
Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." Shore v. Brown, 324 N.C. 427, 428, 378, S.E.2d 778, 779 (1989). Further, facts admitted under Rule 36(a) as a result of a party's failure to respond timely to a request for admissions are sufficient to support a grant of summary judgment. See Goins, 350 N.C. at 280, 512 S.E.2d at 750.
Rule 36(a) of N.C. Rules of Civil Procedure provides that, when a written request for admissions is properly served,
The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . .
N.C. Gen. Stat. § 1A-1, Rule 36(a) (2007). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C. Gen. Stat. § 1A-1, Rule 36(b) (2007) (emphasis added).
Here, Kluttz's requests for admissions included, inter alia, that (1) Next Safety "executed a written contract with [Kluttz] for consideration"; (2) Kluttz "performed all contractual obligations required by the contract attached to [Kluttz]'s original complaint"; (3) Defendant's signature on the contract was genuine and was executed by a party who had authority to sign the contract; (4) Next Safety did not perform the obligations required by the contract; (5) Next Safety's nonperformance constitutes breach of the contract; and (6) neither of the parties rescinded or modified the contract. Based on these admissions, Kluttz conclusively established the elements of her breach of contract claim against Next Safety: "(1) existence of a valid contract and (2) breach of the terms of that contract." Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000) (citation omitted); see also Kniep v. Templeton, 185 N.C. App. 622, 630, 649 S.E.2d 425, 431 (2007) (holding that defendant's admissions pursuant to Rule 36 were sufficient for plaintiff to establish the elements of breach of contract claim against defendant and support a grant of summary judgment).
In light of Next Safety's admissions, we hold that there was no genuine issue of material fact regarding whether Next Safety breached its obligations under the terms of the agreement and affirm the trial court's grant of summary judgment in favor of Kluttz on her breach of contract claim.
Affirmed.
Judges CALABRIA and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] See N.C. Gen. Stat. § 1A-1, Rule 36(a) (2007); Goins v. Puleo, 350 N.C. 277, 280, 512 S.E.2d 748, 750 (1999).